### LEWIS *v.* BRANDLE.

1. LANDLORD AND TENANT—VERBAL LEASE BY ONE NOT IN POS-
SESSION.
    A verbal lease for less than one year is not invalid from the
    mere fact that the land is at the time in the possession of a
    third party. 2 How. Stat. §§ 5657, 6179.

2. LEASE BEYOND POWER OF LESSOR—ESTOPPEL—ATTORNMENT.
    A lease of premises in which another has possessory rights is
    nevertheless good by way of estoppel as against the lessor, and,
    if the occupant attorn to the lessee, a new tenancy is created.

3. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PARTIES.
    A. conveyed to B., by warranty deed, premises of which C.
    was in possession, having held over for four months after the
    expiration of his lease from A. C. refusing to surrender, B.
    leased to A. for a term expiring November 15th, with right to
    sublet, and A. leased to C. until November 1st, the lease con-
    taining a written waiver of notice to quit. *Held*, that sum-
    mary proceedings were properly instituted by A. on November
    2d, C. refusing to vacate. *Vincent* v. *Defield*, 98 Mich. 84, dis-
    tinguished.

Error to Saginaw; McKnight, J. Submitted October 10, 1895. Decided October 22, 1895.

Summary proceedings by Adna G. Lewis against John Brandle to recover the possession of leased premises. From a judgment for defendant, complainant brings error. Reversed.

*Crane & Crane,* for appellant.

*James H. Davitt,* for appellee.

MONTGOMERY, J. This is an action to recover possession of land, originally instituted before a circuit court commissioner. The complainant below either proved, or offered testimony which tended to show, each of the following facts: That complainant was, on the 9th of May, 1894, the owner of the land in question. The defendant had been his tenant up to January 1st, preceding, and continued to hold over without any new agreement. On the 9th of May, complainant conveyed the land to one Dupraw. Brandle disputed Dupraw's right to possession, and claimed the right in himself. Complainant, with the purpose of arranging the matter in difference, and of protecting himself against action on the warranty in his deed to Dupraw, on the 25th of May, made an agreement with Dupraw, by the terms of which Dupraw leased the lands in question to the complainant until November 15, 1894, giving him the right to sublet. Complainant thereupon, on the same day, made a written lease to defendant, running until November 1st. The lease contained a written clause waiving notice to quit. Defendant refused to vacate on November 1st, and on November 2d this proceeding was instituted. The circuit judge directed a verdict for defendant, and complainant appeals.

The reasons given by the circuit judge for his ruling are that, by the deed from complainant to Dupraw, the latter became the landlord and the defendant his tenant; that the agreement subsequently made by Dupraw to lease to the complainant, not having been accompanied by actual investiture of complainant with possession, amounted at

most to an agreement for a lease, and did not operate to constitute him the landlord of defendant; and that, this being so, defendant took nothing by his written lease from complainant, and might refuse to be bound by it, and was not bound to deliver possession to complainant.

We cannot adopt this reasoning. It is, in this State, no obstacle to a conveyance of lands, or an interest therein, that they are in possession of another. 2 How. Stat. § 5657. The lease to complainant was valid, although resting in parol, it being for a less period than one year. 2 How. Stat. § 6179. It is apparent that the parties intended a conveyance to take effect *in præsenti.* Defendant's counsel relies upon *Vincent* v. *Defield,* 98 Mich. 85. In that case we held that the owner, who had leased to A. under a lease expiring May 1st, and had subsequently made a lease to B. beginning May 1st, might, on A.'s refusing to surrender possession, maintain an action to eject A.; but this was on the ground that A. was not B.'s tenant, and because it was the duty of the owner, under the terms of his lease, to invest B. with possession, and B. was entitled to treat his failure to do so as a breach of the covenant in his lease. Neither of these reasons exists in this case for denying complainant a right of action against defendant. Dupraw was not required to obtain possession of defendant and deliver to complainant. The agreement did not contemplate this. And, moreover, when the complainant, under a power to sublet, had entered into a written lease with the defendant, he had, as between himself and Dupraw, obtained possession. The agreement between Dupraw and the complainant gave the latter the right to possession until November 15th. The lease, while it was ineffectual to vest possession in complainant as against the possession of the defendant, would be void only as to the estate of the defendant, which it infringed, and would be good, by way of estoppel, as to such estate as the lessor had in the land for the time named. Wood, Landl. & Ten. (2d Ed.) § 80.

Defendant, having thereupon attorned to complainant, is not in position to be subjected to an action by Dupraw.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.