## Charles H. Starkweather v. Nellie Maginnis, Executrix, etc.

98    143
a196s  274

1.   LANDLORD AND TENANT—*What is an Eviction.*—Where the lessor of a tenant in possession by his agents, again leases the premises to another, and puts him in possession of the premises in question, and in so doing informs the agents of the former tenant that such person is in possession and thereupon the premises are surrendered by such agents to such person, it is an eviction of the former tenant by the landlord.

2.   SURETIES—*On Leases—Effect of an Eviction of the Tenant.*—Where a tenant holding under a lease in writing, upon which security for the payment of the rent is given, is evicted from the demised premises by the act of his landlord in leasing and delivering the possession of the premises to another, such eviction is sufficient to discharge the sureties upon the lease for any rent thereafter to accrue.

3.   RECEIPTS—*May be Explained by Parol.*—It is competent to explain a receipt by parol evidence.

Claim in Probate, for rent.   Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Heard in this court at the March term, 1901.   Affirmed.   Opinion filed November 21, 1901.

**Statement.**—Appellant Starkweather filed his claim in the Probate Court against estate of Patrick J. Maginnis, deceased. From order allowing such claim, appeal was taken to the Circuit Court by decedent's executrix.

The claim filed in the Probate Court was for rent alleged to be due to appellant from Thomas F. Brady under lease of certain premises made by appellant to Brady for the term extending from May 1, 1892, to April 30, 1897, at a monthly rental of $650, Patrick J. Maginnis having in his lifetime, by indorsement on the lease, guaranteed the payment by Brady of the rent reserved. Upon trial in the Circuit Court appellant testified that there was due and unpaid $150 for each of the months from July, 1894, to November, 1895; $275 of the November, 1895, rent, and all of the December, 1895, rent. Brady used the premises for a saloon. One Heffron, called as a witness by appellee, testified in effect that in June or July of 1894 appellant had leased to him by oral contract the premises previously leased to Brady; that he met appellant when both he and appellant were trying to find Brady; that Brady could not be found, but that Brady's two barkeepers were in possession of the demised premises, conducting the saloon business of Brady; that appellant had gone with Heffron to the premises, told Brady's barkeepers that Heffron was in possession, and that the employes of Brady had thereupon given up the possession to Heffron. Appellant testified that no such leasing had been made to Heffron, and that he had not directed the employes of Brady to recognize Heffron as in possession. Upon a former trial Heffron testified in substance to the like effect as upon this trial, and upon that trial appellant, though present and a witness in his case, was not recalled to contradict the testimony of Heffron. It is undisputed that Heffron was in possession after July, 1894, and that for a time he paid to appellant $500 per month as rent for the premises. Receipts for the rent were for the most part given to Heffron "on account of T. F. Brady," or as "received of T. F, Brady." The issues were submitted to a jury in the Circuit Court, and a

verdict was returned for the defendant there, the appellee here. From judgment thereon this appeal is prosecuted.

Mason Brothers, attorney for appellant; Henry E. Mason, of counsel.

J. M. H. Burgett, attorney for appellee.

Mr. Justice Sears delivered the opinion of the court.

But two questions are presented upon this appeal, viz., whether the evidence sustains the verdict of the jury, and whether the court erred in admitting evidence. We are of opinion that the evidence sufficiently sustains the verdict. If the testimony of Heffron is credited, appellant evicted his tenant, Brady, and thereby released appellee's testator from his liability as a surety upon the lease for any rent thereafter to accrue.

Heffron testified positively that appellant put him in possession of the premises in question, and in so doing informed the employes of Brady that he, Heffron, was in possession, and that thereupon the premises were surrendered by Brady's employes to Heffron. If this be true, it was clearly an eviction of the tenant, Brady, by the landlord, appellant. The fact that Brady was absent is of no consequence, for he was still in possession of the premises through his agents, the two barkeepers who were conducting his saloon business upon the premises. It is true that appellant contradicted Heffron in all the material parts of his testimony, but this merely left the determination of the issue to depend upon the relative credibility of the testimony of Heffron and appellant. This was a question for the jury, and we can not say that the conclusion reached by them and expressed by the general verdict is unwarranted. Doubtless the fact that appellant had failed upon a former trial to contradict like testimony given by Heffron upon this controlling question, had its influence on the determination of the jury as to the credibility to be accorded the witnesses. It was sought to explain the failure by the fact that the former trial was had upon a short cause calendar, and that

time was scant. But the credibility of the witnesses was a matter for the determination of the jury, and we can not say that their verdict is against the weight of the evidence, or that the affirmative defense is lacking a preponderance of the evidence. Preponderance of evidence may result from the discrediting of witnesses, as well as from a comparison of numbers.

The lease to Brady contained a provision to the effect that in the event that the lessee abandoned the premises, the lessor might lease to another and hold the lessee liable for any deficiency in the rent received. But if the testimony of Heffron be credited, there was no abandonment by Brady, but an eviction by appellant.

It is urged by the learned counsel for appellant that the court erred in admitting over objection certain testimony of Heffron. The witness was asked how he happened to take the receipts running to Brady, and was permitted to answer that appellant had said to him that he ought to have the Brady lease out of the way, and that witness had replied that he didn't care as long as he was in possession how appellant made the receipts. It is argued that this evidence was incompetent. We are of opinion that there is no assignment of error which reaches this matter. But, if there were, we think that the error would not be well assigned, for it is competent to explain receipts by parol. Skaife v. Jackson, 3 Barn. & C. 421; Carr v. Miner, 42 Ill. 179; Rand v. Scofield, 43 Ill. 167; Reading v. Traver, 83 Ill. 372; Paris v. Lewis, 85 Ill. 597.

No other question is raised as to the procedure.

The judgment is affirmed.