Argued June 28, reversed July 20, 1915.

## MEAGHER v. EILERS MUSIC HOUSE.*

(150 Pac. 266.)

**Landlord and Tenant—Deposit to Secure Rent—Action to Recover—Burden of Proof.**

1. Where the lessee, suing for a deposit made as security for the rent, admits execution of the lease, but alleges that on his abandonment of the premises the lessor, under a provision of the lease authorizing him, on five days' default in payment of the monthly rent, to enter and repossess himself as of his former estate, entered on the premises or leased them to another, the burden is on the lessee to prove his discharge from the obligations of the lease by the act of the landlord.

**Landlord and Tenant—Action for Deposit—Nonsuit.**

2. Where the evidence in a tenant's action for a sum deposited as security for rent showed a reletting of the premises by the landlord such as could amount to a taking of repossession by him, and did not show that the reletting was subject to the rights of plaintiff or for his benefit, a motion for a nonsuit should have been denied.

[As to what amounts to eviction, see note in 17 Am. Rep. 62.]

**Landlord and Tenant—Surrender of Lease—Acceptance.**

3. Where a tenant offers to surrender, and the landlord, without expressly accepting the surrender, relets to another, an acceptance may be implied, and the tenant released from liability for rent after the reletting.

---

*The effect of reletting of premises by landlord on abandonment by tenant is discussed in the note in 13 L. R. A. (N. S.) 398.

REPORTER.

Pleading—Construction—Admissions.

4. Where the answer in a tenant's action for a sum deposited as security for rent, alleged that the premises were subject to plaintiff's order until November 30th, this was equivalent to saying that they were not subject to his order thereafter; and hence no part of the deposit could be retained by defendant to satisfy any installments of rent after November 30th.

Evidence—Admissions—Pleadings—Action for Deposit.

5. Where, in a tenant's action for a sum deposited as security for payment of rent, plaintiff alleged that a surrender of the lease had been accepted by defendant by reletting the premises, the complaint filed by the landlord in an action against the person to whom the premises were alleged to have been relet was admissible in evidence, where it contained admissions against the interest of the landlord in the instant case.

[As to right of landlord, who re-enters for condition broken, to retain rent paid in advance, see note in Ann. Cas. 1915B, 613.]

Appeal and Error—Review—Objections to Cost Bill.

6. Objections to the cost bill, which had not been decided by the trial court, could not be considered on appeal, though discussed in the briefs.

From Multnomah: Thomas J. Cleeton, Judge.

Department 2.   Statement by Mr. Justice Harris.

The Eilers Music House, a private corporation, on June 27, 1912, leased to D. V. Meagher a storeroom and room No. 616 in the Eilers Building, in Portland.   At the time of the execution of the lease Meagher gave to the corporation $550 as security for the payment of the rent, and he now seeks to have $485.83 of the amount returned.   By the terms of the demise the two rooms are rented to plaintiff for a period of four years and two months, commencing on July 1, 1912, and terminating on August 31, 1916; the amount of the rent to be paid for the term is $13,750, payable in advance on the 1st day of each month in monthly installments of $275; and the only remaining part of the writing material to the discussion is the following:

"The lessee further agrees that if the rent shall be in arrears for a space of five (5) days, or if the lessee

shall fail to keep or perform any of the covenants or conditions of this lease, then, in either event, the lessor may at its option enter into said premises and repossess itself as of its former estate and expel the lessee, or those claiming under him and the effects of either or all (forcibly, if necessary) without being deemed guilty of trespass, and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant.''

The complaint filed on February 17, 1914, alleges the terms of the agreement of lease, and that plaintiff deposited $550 with defendant as security for the payment of the rent; that plaintiff entered and took possession and paid the monthly installments to and including September 1, 1913; that default was made in the payment of the installment due on October 1, 1913, and that on October 7, 1913, the lessor ''elected to and did declare the said lease forfeited, and rented the same to one R. E. Farrell'' under a verbal lease until November 7, 1913, when the defendant entered into a written lease for the period of four years and eleven months; that after deducting rent due on October 7, 1913, the date when defendant leased to Farrell, the sum of $485.83 remains in the hands of defendant.

The answer admits the agreement of lease, the payment of the installments due prior to October 1, 1913, and the deposit of $550 as security for the payment of the rent. For a separate defense the answer alleges that on October 7, 1913, the plaintiff vacated and abandoned the premises, and, acting through one Campbell, attempted to surrender the rooms, and left the keys at defendant's place of business; that when defendant learned of the abandonment it notified plaintiff that the premises were still at his disposal, but the plaintiff refused to take charge of the rooms; that when the $550

deposit was made the parties agreed that the money should be used to apply on rent in the event of a default in the payment of any installments, and that, pursuant to such agreement, the defendant applied $275 of the deposit on the rent due October 1, 1913; that on November 1, 1913, another installment became due, whereupon the defendant applied the remaining $275 of the deposit on the rent for November; and that the leased premises were subject to the order of plaintiff and ready for him at all times until November 30, 1913. Except as affirmatively stated in the complaint, the averments of the answer are denied by the reply. A jury having been waived, a trial by the court resulted in a judgment of nonsuit, from which the plaintiff appealed.                                         REVERSED.

For appellant there was a brief and an oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief and an oral argument by *Mr. Virgil A. Crum.*

MR. JUSTICE HARRIS delivered the opinion of the court.

Testimony to the effect that the storeroom leased to the plaintiff is known as room 4, and also No. 144 Broadway, a certified copy of a complaint, and a certified copy of an order adjudging Farrell to be in default in an action at law wherein the Eilers Music House appears as plaintiff and R. E. Farrell is named as defendant constitute all the evidence offered by plaintiff. The certified copy of a complaint discloses that the Eilers Music House sought to recover $500 from R. E. Farrell on two causes of action, one of

which is founded upon the claim that Farrell had on October 7, 1913, leased a store on the ground floor facing Broadway in the Eilers Building for $250 for one month; and it is related in the second cause of action that on November 7, 1913, the Eilers Music House and Farrell entered into a written agreement whereby the latter leased No. 144 Broadway for a term of four years and eleven months at a rental of $250 per month, payable on the 7th day of each month, and that on December 7th the sum of $250 became due, and had not been paid. No evidence was offered by plaintiff to show whether the room rented to Farrell on October 7th was room 4 or No. 144 Broadway, or was the same room that was leased to him on November 7th, although at the trial counsel for defendant admitted:

"That we permitted Farrell to occupy or go in there from day to day, with the understanding that he must get out as soon as the other man would return."

The contention of plaintiff proceeds upon the theory that evidence of a reletting by the corporation is enough to warrant a finding that the lease was terminated, and that therefore he is entitled to recover the deposit less the amount of rental due on October 7th, when the reletting occurred; and the position of defendant is that proof of a reletting does not justify a finding that the agreement of lease was constructively or otherwise ended. The plaintiff does not allege a technical surrender of the premises, nor does he claim that defendant agreed to release him, but he rests his right to recover upon the allegation that the "defendant on the 7th day of October, 1913, elected to and did declare the said lease forfeited, and rented the same to one R. E. Farrell." The reason for the leasing to Farrell does not appear, except as detailed in the answer,

which, however, is denied by the plaintiff, so that the situation presented here is one where there is an agreement of lease binding the plaintiff for a definite period, a default in the payment of rent, a reletting and a provision in the written agreement giving the landlord the right to re-enter and "repossess itself as of its former estate" in case the rent shall be in arrears for a space of five days "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant."

1, 2. Having admitted the making of the agreement of lease which obligates him to pay rent, the plaintiff must, as a part of his case, offer evidence tending to show some occurrence which either lessens or extinguishes the obligation assumed by him, because the plaintiff is by his own admission liable for the full amount of the stipulated rent, unless in the language of the complaint the defendant "elected to and did declare the said lease forfeited and rented the same to one R. E. Farrell." If the landlord did "repossess itself as of its former estate," and relet to Farrell, then plaintiff was relieved from the stipulations of the lease. The evidence showing a reletting to Farrell fails to disclose that the room was rented subject to the rights of Meagher or for his benefit, but it tends to reveal the contrary. The evidence offered by plaintiff tended to show the fact of reletting of a character which would be sufficient to authorize a finding that defendant had, pursuant to the terms of the written agreement, repossessed itself "as of its former estate," in which event the plaintiff would only be liable for arrears of rent or preceding breaches of the contract; and therefore the motion for a judgment of nonsuit should have been denied. In *Ladd* v. *Smith,* 6 Or. 317, a surrender

of a lease was by operation of law implied from a reletting.

3. There is nothing in the record binding upon plaintiff and tending to show that the reletting was for his benefit, as alleged in the answer; but, if the tenant offered to surrender, and the landlord without accepting the surrender relet to Farrell, under all the circumstances recited in the answer, then the rule announced in *Bowen* v. *Clarke,* 22 Or. 566 (30 Pac. 430, 29 Am. St. Rep. 625), *Humiston* v. *Wheeler,* 175 Ill. 514 (51 N. E. 893), *Respini* v. *Porta,* 89 Cal. 464 (26 Pac. 967, 23 Am. St. Rep. 488), and kindred cases, becomes applicable.

4. In his primary pleading the plaintiff concedes the right of the defendant to rent for the first seven days in October. No part of the deposit can be retained by the defendant to satisfy any installments after November 30, 1913, because the allegation in the answer that the premises were subject to the order and ready for the occupancy of plaintiff at all times until November 30, 1913, is equivalent to saying that the premises were not subject to the order of plaintiff or ready for him after November 30, 1913.

5. The complaint filed by the Eilers Music House in the action against Farrell is relevant evidence, because it contains certain admissions or declarations against the interest of the defendant in the instant case, and the fact that Meagher was not a party to that proceeding does not affect the competency of the evidence: *Feldman* v. *McGuire,* 34 Or. 309 (55 Pac. 872); *Murphy* v. *Hindman,* 58 Kan. 184 (48 Pac. 850); 16 Cyc. 1050. The only objection offered to the certified copy received in evidence was that it is irrelevant and immaterial. The paper received may be subject to ob-

jections not presented, although it is not vulnerable to the objection specified.

6. The objections to the cost bill have not yet been decided by the trial court, and consequently no question arising out of the cost bill is now presented, although the briefs discuss objections to certain items of the disbursements.

The judgment is reversed and the cause is remanded for a new trial.        REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.