McGREGOR v. MOONEY.

1. LANDLORD AND TENANT—TENANT MAY TREAT RE-LEASING BY LANDLORD AS EVICTION.

    If a landlord re-leases to third parties premises for which tenants have a long term lease, and at the time of the re-leasing they are in possession and have not abandoned their lease, they may refuse to yield possession, or they may yield voluntarily and thus terminate their lease.

2. SAME—ABANDONMENT OF LEASE—EVICTION—QUESTION FOR JURY. In an action for rent claimed to be due under a lease, whether the re-leasing of premises to third parties by the landlord was for the purpose of minimizing defendants' damages as tenants thereof under a long term lease, as claimed by plaintiff, or whether defendants' lease was thereby terminated, thus ending their obligation to pay further rent, as claimed by them, where both theories were supported by testimony, *held*, to present a question of fact for the jury, under proper instructions.

Error to Wayne; North (Walter H.), J., presiding. Submitted June 7, 1923.     (Docket No. 58.)     Decided October 1, 1923.

Assumpsit in justice's court by Flora E. McGregor against William F. Mooney and others, copartners as Mooney Brothers, for rent.    There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for defendants.    Plaintiff brings error. Affirmed.

*William J. Bane,* for appellant.

*William Henry Gallagher,* for appellees.

CLARK, J.     Defendants leased from plaintiff a building in Detroit for a term of years at $300 per month and left with plaintiff $500 in United States bonds as security for performance.    Defendants sublet to another, as they had a right to do, and took a chattel mortgage from such other, covering property placed in the building, which mortgage was later on September 24, 1922, foreclosed.    Chaffee & Company, a corporation, was the purchaser at the foreclosure sale.    About this time, being early in the term of the lease, it appeared that defendants could not pay, profitably, a rent of $300 per month.    There were negotiations between the parties to and including

October 11th following for a new lease for the remainder of the term at $175 per month, but no agreement was reached, the plaintiff demanding and defendants refusing a forfeiture of the $500 of bonds. Defendants paid rent to October 1, 1922. On October 4th and 5th, plaintiff agreed with Chaffee & Company to lease to it the premises for a period equal to the remainder of said term at $175 per month and, pursuant to the agreement, a lease was executed on October 13, 1922. Chaffee & Company paid rent from October 5th to November 1st, $152.50. October 10, 1922, plaintiff gave to defendants a notice of her purpose to relet the premises and to hold them for any deficiency of rent. Plaintiff sued in justice's court to recover the deficiency for the month of October, $147.50, on the theory that defendants had abandoned the lease and had refused to pay the rent and that the leasing to Chaffee & Company was to minimize damage. Plaintiff had judgment. Defendants appealed. Defendants' theory at the trial in the circuit was that they had not abandoned the lease nor refused to pay rent, that they had treated the lease to Chaffee & Company as a constructive eviction, and that they were entitled to judgment against plaintiff for the $500 so held as security, less rent for the first few days of October before eviction. The testimony adduced by plaintiff tended to support her theory. The testimony adduced by defendants tended to support their theory. Judge North held that there was an issue of fact for the jury, instructing them, in substance, that, if the facts were found with plaintiff, she should have judgment for $147.50 and interest, and, if found with defendants, they were entitled to judgment for $500 and interest, less rent for the said first days of October. Defendants had verdict and judgment for $475.33.

Plaintiff brings error, contending that the defense

of constructive eviction was not made out for the reason that, admittedly, defendants surrendered possession of the premises to Chaffee & Company voluntarily, not involuntarily, and that therefore a verdict should have been directed in her favor as requested.

In leasing to Chaffee & Company, plaintiff did not intend to constitute it an over-lessee but to give it full and immediate possession of the premises. If, when plaintiff so leased, defendants were in possession, had not abandoned their lease, and the jury so found, defendants might refuse to yield possession, or they might yield voluntarily and thus terminate their lease. *Scott* v. *Beecher*, 91 Mich. 590; *Lewis* v. *Brandle*, 107 Mich. 7; *Hirschfield* v. *Franks*, 112 Mich. 448; *Bamlet Realty Co.* v. *Doff*, 183 Mich. 694; *Lawrence* v. *Rapaport*, 213 Mich. 358; *Hawthorne* v. *Coursen*, 41 N. Y. Supp. 995; *Conway* v. *Carpenter*, 80 Hun (N. Y.), 428; *Brewer* v. *Union Building Ass'n*, 166 Ill. 221 (46 N. E. 752); *Starkweather* v. *Maginnis*, 98 Ill. App. 143; *Miller* v. *Michel*, 13 Ind. App. 190 (41 N. E. 467); *Meagher* v. *Eilers Music House*, 77 Or. 70 (150 Pac. 266); 24 Cyc. p. 1132. There was evidence that they were given such choice and that they pursued the latter course, which, when disputed by the evidence of plaintiff in support of her theory, made a question of fact which was submitted to the jury under proper instructions. On full consideration of the case, we find no reversible error.

Judgment affirmed.

Wiest, C. J., and Fellows, McDonald, Bird, Sharpe, Moore, and Steere, JJ., concurred.