Argued April 5, affirmed May 16, 1978

BRITTON, *Appellant,*
*v.*
FROST et al, *Respondents.*
(TC 77-0091, SC 25427)

578 P2d 1241

Timothy J. Harold, Springfield, argued the cause for appellant. With him on the briefs were Joseph J. Leahy; Harms, Harold & Leahy.

Randall Bryson, Eugene, argued the cause for respondents. On the brief were Richard Bryson; Bryson & Bryson; Calkins & Calkins.

Before Denecke, Chief Justice, Tongue and Linde, Justices, and Joseph, Justice pro tempore.

LINDE, J.

**LINDE, J.**

Plaintiff appeals from a judgment on a jury verdict awarding her $119.03 in special damages and $100 in general damages for injuries from being bitten by defendants' dog. Plaintiff assigns as error that the trial court struck from the complaint certain allegations concerning the viciousness of the dog and instructed plaintiff's counsel not to comment thereon after defendants admitted their liability.

The allegations, which we quote in the margin, were to the effect that defendants knew the dog to be "ferocious, mean, vicious, and mischievous" and "accustomed to pursue, attack and bite children and adults," and that defendants negligently failed to keep him from doing so and in particular were negligent in harboring the dog, not taking reasonable steps to confine and restrain him, and permitting him to attack plaintiff.[1] Plaintiff claimed general and special

---

[1]

IV

On and before March, 1976, said dog Nins was fed, sheltered, and harbored by defendants at 31563 Bottom Loop Road, Eugene, Oregon.

V

Defendants fed, sheltered, and harbored said dog well knowing him to be of ferocious, mean, vicious, and mischievous disposition and accustomed to pursue, attack and bite children and adults.

VI

Without regard for the safety and welfare of the children and adults in their neighborhood, said defendants negligently failed to keep said ferocious, mean, vicious, and mischievous dog from pursuing, attacking, and biting children and adults.

* * * * *

XII

That at said time and place, defendants were negligent in one or more of the following particulars:

1. In feeding, sheltering, and harboring said dog, Nins, while knowing him to be of ferocious, mean, vicious and mischievous disposition and accustomed to pursue, attack and bite children and adults.

2. In not taking reasonable steps to confine or restrain said dog, Nins, so that said dog would be unable to pursue and bite plaintiff.

3. In permitting said dog, Nins, to pursue, attack, and bite plaintiff.

[ 357 ]

damages of, respectively, $7,500 and $186.41. Defendants' answer and first amended answer admitted the encounter and denied the remainder of plaintiff's complaint.

On the morning of trial defendants, with plaintiff's consent, moved to substitute the following second amended answer:

> Come now the defendants and for their Second Amended Answer to the Complaint of plaintiff admit that plaintiff encountered the dog named Nins at their residence on March 12, 1976; admit the negligence of defendants; and deny the remainder of plaintiff's Complaint.

After a jury was selected and sworn, defendants presented a motion in limine to exclude evidence and argument bearing on the issue of defendants' negligence. After considerable colloquy this motion was granted. Subsequently, at the conclusion of the evidence and before final argument, the court obliterated from the complaint the paragraphs quoted in note 1, above, and again instructed plaintiff's counsel not to talk about those allegations. The essence of plaintiff's argument on appeal is that the alleged viciousness of the dog was relevant to the issue of plaintiff's damages, that defendants' second amended answer, in admitting defendants' negligence, in effect admitted these allegations of the complaint, and that the obliterated allegations and argument based upon them should therefore have been presented to the jury.[2] We conclude that the trial court committed no error and affirm the judgment.

The precise request of defendants' oral motion in limine was directed to excluding "statements of counsel or attempts in the evidence to show that the defendants' dog in this case was vicious or that certain steps should have been or should not have been taken

---

[2]The case was tried before the effective date of chapter 357, Or Laws 1977, which amended ORS 17.320 to eliminate the pleadings from the items to be given to the jury.

in regard to reasonable care in this case."[3] In a lengthy colloquy between court and counsel following the motion, plaintiff first argued that defendants' alleged knowledge of the dog's viciousness was still relevant to the extent of their liability for damages, as distinguished from their admission of "negligence;" but after defendants clarified their intention to admit liability, plaintiff withdrew this contention in the absence of a demand for punitive damages. Plaintiff's counsel then argued that the dog's characteristics might still be relevant to proof of certain traumatic psychological effects on plaintiff, who was an eight-year-old girl at the time of the incident. Defendants agreed that the dog's characteristics and behavior on that occasion would be relevant but argued for the exclusion of the dog's prior history as unduly prejudicial. Thereafter, the trial court ruled as follows:

THE COURT: I agree with you and I am not quite sure that any other reason can be shown for it, and counsel, I would ask that before you start—you think you are going to show it for a different purpose, at that point in the trial you tell the Court, could I take something up outside the presence of the jury, and you can make an offer of proof.

MR. HAROLD: Very well.

THE COURT: You understand?

MR. HAROLD: Yes, I do.

THE COURT: The motion is granted.

It is apparent from the foregoing that the allegations quoted in note 1, above, were pleaded to bear on defendants' liability for negligence, not on the nature

---

[3]The quoted statement continued:

The reason I bring it up is counsel, in his questioning of the jury, indicated that they're posing a claim in this case that there is a vicious dog and we assume that we would not be entitled to show the care we used or that it was not a vicious dog and that was not an issue in the case in regard to liability because that has been admitted, the negligence of the defendants.

So we would just move to exclude any further comments of that kind, as well as the proferring of any testimony or evidence along the line to prove or disprove the issue of negligence in this case.

and extent of plaintiff's injuries. After defendants admitted liability for whatever injuries plaintiff could prove, the court instructed plaintiff's counsel that if he thought there was another reason or a different purpose for going into the dog's past propensities he should offer it for the court's ruling in the absence of the jury, and counsel agreed to this. Thus the court did not exclude in advance any testimony on the viciousness of the dog, as plaintiff claims. However, plaintiff made no subsequent offer of proof. Instead, she maintains that she should have been permitted to rely on the pleadings and to argue to the jury on the basis of the allegations which the court struck from her complaint at the end of the trial.

Plaintiff contends that the court erred in obliterating the stricken paragraphs "on its own motion." This court has previously referred to such an action as within the court's power independently of statute, *see Frangos v. Edmunds,* 179 Or 577, 584, 173 P2d 596 (1946), but in any event it is clear that the court here was acting in the spirit of the colloquy on defendants' motion in limine and in accordance with their wishes, as defendants' counsel immediately affirmed. Plaintiff further objects to the obliteration on the ground that it "misled the jury because it rendered plaintiff's Complaint devoid of a cause of action." But it was of no concern to the jury whether the complaint stated a cause of action once liability was conceded, nor was the court obliged to explain to the jury the allegations on which this liability was based. The only issue before the jury was the extent of plaintiff's injuries and the damages to be awarded.

For her argument that her allegations of negligence should nevertheless have been presented, and argued, to the jury as evidence bearing on damages, plaintiff cites *Meagher v. Eilers Music House,* 77 Or 70, 150 P 266 (1915). That decision held that statements made by the *defendant* as plaintiff in another action were

admissible against the defendant in *Meagher* as admissions or declarations against interest. Indeed, when they appear in the pleadings in the case itself, admissions are conclusive on the facts admitted for the purposes of that case. *See Schucking v. Young,* 78 Or 483, 495, 153 P 803 (1915). However, the trial court in this case ruled that the mere statement in defendants' second amended answer that they "admit the negligence of defendants" did not admit each of the particular facts and specifications on which the complaint had predicated that negligence. In effect, the court treated the earlier colloquy about the consequences of this admission of negligence as a stipulation that the premises of defendants' liability were removed from the case and only damages were left to be tried. On this understanding, the court limited plaintiff to offering such evidence of the dog's vicious characteristics as would bear on plaintiff's physical or psychological injuries, and to arguing this evidence to the jury. On the record before us, these rulings were not error.

Affirmed.