Argued and submitted March 13, reversed and remanded September 10, 2014

## FEDERAL NATIONAL MORTGAGE ASSOCIATION,
*Plaintiff-Appellant,*

*v.*

Robert BELLAMY, et al.,
*Defendant-Respondent.*

Clackamas County Circuit Court
FE120475; A152173

336 P3d 526

Tracy J. Frazier argued the cause for appellant. With her on the brief were Rochelle L. Stanford and Pite Duncan, LLP.

Jeffrey A. Myers argued the cause for respondent. With him on the brief were Richard M. Fernández and John Bowles.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Plaintiff Federal National Mortgage Association brought this forcible entry and wrongful detainer (FED) action against defendant Bellamy, seeking possession of real property. The case proceeded to a bench trial, and the trial court awarded possession of the property to defendant. Plaintiff appeals, asserting that, given the evidence presented at trial, it was entitled to possession as a matter of law. For the reasons that follow, we agree with plaintiff and, therefore, reverse and remand.

Defendant obtained a loan from PTF Financial Corporation. As security for the loan, defendant executed a trust deed, which encumbered real property commonly known as 6323 SE Molt Street, Milwaukie, Oregon. The trust deed was recorded in Clackamas County, the county in which the property was located.

Defendant failed to perform the obligations required by the trust deed, and, on February 17, 2012, a trustee's sale was held at which plaintiff was the successful bidder. Thereafter, a trustee's deed was issued to plaintiff and recorded in Clackamas County. The trustee's deed describes defendant's failure to perform his obligations under the trust deed and the subsequent nonjudicial foreclosure proceedings, including the sale of the property to plaintiff. The trustee's deed states that the trustee

> "does hereby convey unto [plaintiff] all interest which the grantor had or had the power to convey at the time of the grantor's execution of said Trust Deed, together with any interest the said grantor or grantor's successors in interest acquired after the execution of said Trust Deed in and to the [property.]"

On April 5, 2012, plaintiff initiated this FED action against defendant, seeking a judgment against defendant for possession of the property. In its complaint, plaintiff alleged that (1) defendant was in possession of the property, (2) defendant was unlawfully holding the property by force, and (3) plaintiff was entitled to possession of the property. In support of its allegation that it was entitled to possession, plaintiff cited to a statute, *former* ORS 86.755(5)(a) (2009), *amended by* Oregon Laws 2011,

chapter 510, section 2,[1] which has been renumbered ORS 86.782(6)(a) and now provides:

"Except as provided in paragraph (b) or (c) of this subsection,[2] the purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale. A person that remains in possession after the 10th day under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily, is a tenant at sufferance. The purchaser may obtain possession of the property from a tenant at sufferance by following the procedures set forth in ORS 105.105 to 105.168 [the FED procedures] or other applicable judicial procedure."

In response, defendant filed an answer on April 13, 2012; then, after retaining counsel, defendant filed an amended answer on May 14, 2012, approximately three months after the trustee's sale. In his amended answer, defendant admitted that he was in possession of the property, but denied that he was holding the property by force and that plaintiff was entitled to possession. Defendant also raised several affirmative defenses.

On July 10, 2012, the case proceeded to trial, during which plaintiff submitted the trustee's deed as its only evidence. By statute, the recitals in a trustee's deed "shall be prima facie evidence in any court of the truth of the matters set forth therein[.]" *Former* ORS 86.780 (2012), *renumbered as* ORS 86.803 (2013). Defendant did not put on any evidence in response to plaintiff's evidence or in support of his affirmative defenses. Thus, the question before the trial

[1] *Former* ORS 86.755(5)(a) (2009) was renumbered *former* ORS 86.755(6)(a) (2011) and renumbered again as ORS 86.782(6)(a) (2013).

[2] Plaintiff apparently relied upon the 2009 version of *former* ORS 86.755(5)(a), which was no longer operative at the time of the FED action. The operative version at the time of the FED action, as well as the current version, contain the phrase, "[e]xcept as provided in paragraph (b) or (c) of this subsection," and paragraphs (b) and (c) are not in the 2009 version. However, the exceptions in those paragraphs do not affect the court's analysis in this case; they apply only to a person for whom the grantor or successor of the grantor voluntarily created a possessory interest or to a person who occupies a dwelling unit "under a bona fide tenancy." *See former* ORS 86.755(6)(b)-(c) (2012), *renumbered as* ORS 86.782(6)(b)-(c) (2013). The recitals in the trustee's deed establish that defendant is the original grantor, not a tenant or other third-party; thus, this FED action does not implicate those exceptions.

court was whether plaintiff had proved that it was entitled to a judgment against defendant for possession of the property. To do so, the plaintiff in an FED action must prove that (1) the defendant was in possession of the property, (2) the defendant was unlawfully holding the property by force, and (3) the plaintiff was entitled to possession. *See* ORS 105.123 (describing required contents of FED complaint). The trial court concluded that plaintiff had failed to carry its burden. It appears that the court concluded that plaintiff had failed to prove that defendant was unlawfully holding the property by force.[3]

As mentioned, plaintiff appeals, arguing that it was entitled to possession as a matter of law. In response, defendant acknowledges that, under *former* ORS 86.780, the recitals in the trustee's deed are *prima facie* evidence of the matters asserted and that the recitals are *prima facie* evidence that plaintiff was entitled to possession; but, defendant contends that the recitals do not establish that he was in possession of the property or that he was unlawfully holding it by force. We address the evidence regarding those two elements in turn.

First, contrary to defendant's argument on appeal, plaintiff did not fail to carry its burden of proving that

---

[3] At trial, defendant argued that plaintiff was required to prove that it served him with a notice of the trustee's sale after the sale occurred and that the recitals in the trustee's deed did not establish that such service had occurred. The trial court seemed to accept that argument. On appeal, defendant acknowledges that no such notice is required for grantors. By statute, grantors are to receive notice of the sale before it occurs. *Former* ORS 86.740(1) (2012), *amended by* Or Laws 2012, ch 113, § 7, *renumbered as* ORS 86.740(1)(a), *amended by* Or Laws 2013, ch 304, § 11, *renumbered as* ORS 86.764(1) (2013); *former* ORS 86.745 (2012), *renumbered as* ORS 86.771 (2013); *former* ORS 86.750 (2012), *renumbered as* ORS 86.774 (2013). In this case, the trustee's deed recitals state that defendant received the required notice, and defendant offered no evidence to rebut those recitals.

It also appears that the trial court believed that plaintiff needed to prove that it had not entered into an agreement to allow defendant to remain in possession of the property after the sale. The court observed, "[S]ometimes when people foreclose, they allow people to rent back. It's common. So how do I know that that didn't happen here? I didn't have anyone testify it didn't, and it's not in the deed." On appeal, defendant does not defend the trial court's judgment on that basis; he does not identify any authority for the proposition that plaintiff needed to prove that defendant had not received permission to remain on the property, and we are not aware of any such authority.

defendant was in possession of the property; rather, defendant himself relieved plaintiff of that burden. As mentioned, in his amended answer, defendant admitted that he was in possession of the property. An admission in an answer relieves the opposing party of the burden of putting on evidence of that fact at trial. *Britton v. Frost*, 282 Or 355, 361, 578 P2d 1241 (1978) (citing *Schucking v. Young*, 78 Or 483, 495, 153 P 803 (1915)).

Nevertheless, defendant argues that his amended answer does not constitute *prima facie* evidence of his possession because (1) the amended answer was never admitted into evidence and (2) the fact that defendant admitted that he was in possession at the time of the amended answer, which was filed on May 14, 2012, does not establish that he was still in possession at the time of trial, which was held on July 10, 2012.

With respect to defendant's first contention, we note that "[a]n admission of fact in a pleading is a judicial admission and, as such, is normally conclusive on the party making such an admission." *Yates v. Large*, 284 Or 217, 223, 585 P2d 697 (1978) (citations omitted). The amended answer did not need to be admitted into evidence because the facts admitted in that answer were already conclusive as to defendant. *See Foxton v. Woodmansee*, 236 Or 271, 278, 386 P2d 659 (1963), *reh'g den*, 388 P2d 275 (1964) ("[A] judicial admission is one made by a party or his attorney for the purpose of dispensing with proof of a fact in issue.") (Citations omitted.)

Defendant's second contention is also unpersuasive. Defendant cites no authority, and we are aware of none, requiring a plaintiff to prove a fact that a defendant has already admitted in the answer, simply because the passage of time between the filing of the answer and the trial could have affected the existence of that fact. Defendant did not attempt to amend his answer to reflect any new factual developments. *See* ORCP 23 E ("Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."). Nor did defendant present any evidence at

trial that could suggest that he was no longer in possession of the premises. In fact, as mentioned, defendant offered no evidence at trial whatsoever. Thus, the trial court was obligated, as a matter of law, to conclude that plaintiff proved that defendant was in possession of the premises.

The question becomes whether plaintiff proved that defendant was unlawfully holding the property by force. For the purposes of FED proceedings, ORS 105.115(1)(d) provides that a person unlawfully holds property by force "[w]hen the person in possession of a premises remains in possession after the time when a purchaser of the premises is entitled to possession in accordance with the provisions of * * * [ORS] 86.782." As set out above, ORS 86.782(6)(a) provides:

> "Except as provided in paragraph (b) or (c) of this subsection,[4] the purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale. A person that remains in possession after the 10th day under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily, is a tenant at sufferance. The purchaser may obtain possession of the property from a tenant at sufferance by following the procedures set forth in ORS 105.105 to 105.168 [the FED procedures] or other applicable judicial procedure."

Thus, a purchaser at a trustee's sale is entitled to possession of the purchased property on the 10th day after the sale, and the purchaser can use the FED process to obtain possession from a tenant at sufferance, that is, "[a] person that remains in possession after the 10th day under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily[.]" ORS 86.782(6)(a).

We assume, without deciding, that, in order to prove that defendant was a tenant at sufferance, plaintiff not only had to prove that (1) defendant remained in possession of the property more than 10 days after the trustee's sale, but also that (2) defendant did not remain in possession pursuant to "an interest prior to the trust deed" and that (3) defendant

---

[4] *See* 265 Or App at 407 n 2.

did not remain in possession pursuant to "an interest the grantor or a successor of the grantor created voluntarily[.]" *Id*. We conclude that plaintiff carried that burden.

First, as discussed above, defendant's amended answer established that defendant was in possession of the property at the time of the trial, which was held more than 10 days after the trustee's sale. Second, the recitals in the trustee's deed are *prima facie* evidence that defendant did not possess the property pursuant to "an interest prior to the trust deed," *id.*; they establish that defendant was the grantor of the trust deed and that "all interest" that he had in the property at the time that the trust deed was executed was conveyed to plaintiff as a result of the trustee's sale. Third, the recitals also serve as *prima facie* evidence that defendant did not possess the property pursuant to "an interest the grantor or a successor of the grantor created voluntarily[.]" *Id*. Again, the recitals establish that defendant himself was the grantor; he was not a tenant or other third-party, in which case other statutory requirements might have applied. *See former* ORS 86.755(6)(b) - (c) (2012), *renumbered as* ORS 86.782(6)(b) - (c) (2013) (providing procedure for obtaining possession from a person who holds possession under an interest that the grantor or a successor of the grantor created voluntarily or a person occupying a dwelling unit on the property under a bona fide tenancy).

In sum, we conclude that plaintiff established—through defendant's admission of possession of the property and the recitals in the trustee's deed—that defendant was in possession of the property, that he was unlawfully holding the property by force, and that plaintiff was entitled to the property because it purchased the property at a trustee's sale more than 10 days earlier. Given plaintiff's *prima facie* evidence, which was unchallenged, the trial court erred in awarding defendant possession.

Reversed and remanded.