No. 190 March 11, 2026 691

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THE BANK OF NEW YORK MELLON,
fka The Bank of New York, as Trustee for the
Certificateholders of the CWABS, Inc., Asset-Backed
Certificates,
Series 2006-18,
*Plaintiff-Respondent,*

*v.*

Brian Richard METKE
and all occupants of the property commonly known as
26311 SW Metke Ln, Camp Sherman, OR 97730,
*Defendant-Appellant.*

Jefferson County Circuit Court
23LT21155; A185183

Daina A. Vitolins, Judge.

Submitted November 17, 2025.

Charles F. Lee and Charles F. Lee P. C. filed the brief for appellant.

John M. Thomas filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of restitution entered in plaintiff's favor in a residential forcible entry and detainer (FED) action. In three assignments of error, he challenges the trial court's award of restitution, arguing that plaintiff was not entitled to possession of the subject property because the underlying nonjudicial foreclosure was invalid. We affirm.

We view the facts in the light most favorable to plaintiff. *Bank of America, N.A. v. Payne*, 279 Or App 239, 240, 379 P3d 816 (2016) (stating facts in the light most favorable to the prevailing party after an FED trial).

Defendant obtained a loan in 2006 and, as security for that loan, executed a trust deed that encumbered the property at issue. In 2023, the property was the subject of a nonjudicial foreclosure sale which transferred ownership of the property to plaintiff. After the sale, plaintiff filed an FED action to recover the property from defendant. At trial, defendant argued that plaintiff was not entitled to possession because the underlying foreclosure was fundamentally flawed in two respects: defendant was not in default at the time of the foreclosure, and assignments of the trust deed prior to foreclosure were themselves invalid.

In a letter opinion, the trial court concluded that defendant "did not prove that he was not in default or that the obligation secured by the trust deed in this matter was satisfied." The trial court further determined that defendant was "precluded" from otherwise challenging the foreclosure process as "fatally flawed" because "the parties ha[d] previously litigated this issue in [p]laintiff's favor" in a 2021 proceeding in a federal district court. The trial court then entered a residential eviction judgment in favor of plaintiff, from which defendant appeals.

In his first assignment, defendant argues that the trial court erred in granting restitution of the property to plaintiff because defendant was not in default at the time of foreclosure. Defendant asserts that plaintiff had "the burden to prove [defendant] was in default" and that the "only competent evidence" presented at trial establishes that

he was not. But in an FED proceeding, the plaintiff is not required to prove that the defendant was in default in the underlying foreclosure process in order to prevail. *See* ORS 86.782(6)(a) (providing that "the purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale" and may obtain possession by initiating FED proceedings); *Federal National Mortgage Association v. Bellamy*, 265 Or App 404, 408, 336 P3d 526 (2014) (explaining that the plaintiff in an FED proceeding must prove that "(1) the defendant was in possession of the property, (2) the defendant was unlawfully holding the property by force, and (3) the plaintiff was entitled to possession"). Instead, a defendant may raise the issue of default in the underlying foreclosure as a defense. *See Bank of New York Mellon v. Owen*, 299 Or App 348, 353, 450 P3d 1009 (2019) (explaining that a post-sale challenge is not barred "if there was a fundamental flaw in the nonjudicial foreclosure sale"). Having reviewed the record in this case, we reject defendant's argument that "the balance of evidence" compelled the trial court to conclude that he was not in default and dismiss the FED action.

In his second and third assignments, defendant argues that the underlying foreclosure relied on invalid assignments of the trust deed and that the trial court erroneously concluded that the doctrine of issue preclusion prevented him from challenging the validity of those assignments. Specifically, defendant contends that plaintiff "failed to proffer the documents which would be needed to assess plaintiff's claim to issue preclusion." But defendant did not raise or develop that argument below. Rather, before the trial court, defendant appeared to argue that issue preclusion did not apply because the federal court's findings and conclusions were legally incorrect and irrelevant to the FED action. Defendant therefore failed to preserve that argument for our review, and we decline to address it as plain error. *See* ORAP 5.45 ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); *see also Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (explaining that preservation is a prudential policy that "fosters full development of the

record, which aids the trial court in making a decision and the appellate court in reviewing it").

Affirmed.