## J. S. McCORD, ADMR., v. W. L. DURANT.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued March 26, 1890—Decided April 7, 1890.

*(a)* In an action to recover the consideration expressed in a written con-
tract of sale, the plaintiff put in evidence an affidavit of defence made
by the defendant in a former action upon the same contract, showing
satisfaction by payment in part and the acceptance of notes as payment
of the residue:

1. The affidavit of defence having been put in evidence by the plaintiff,
without disproving any of its averments, due credit should be given to
it, so far as he was concerned; his remedy, therefore, was confined to
an action upon the notes unpaid, and in the action upon the contract it
was not error to direct a verdict for the defendant.

2. Assignments of error to the charge of the court, which do not give the
instructions complained of in the precise phraseology used, but only
their substance, are not according to the Rule of Court XXIII., provid-
ing: "When the error assigned is to the charge of the court . . . . .
the part of the charge . . . . . referred to must be quoted totidem ver-
bis."

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 164 July Term 1889, Sup. Ct.; court below, No. 22
March Term 1888, C. P. No. 1.

On March 27, 1888, James S. McCord, administrator of
Joshua D. Williams, deceased, brought assumpsit against Wil-
liam L. Durant.  Issue.

At the trial on April 23, 1889, the plaintiff put in evidence
an agreement in writing, under seal, dated October 19, 1872,
between Joshua D. Williams, Pittsburgh, Pa., special agent of
the Equitable Life Assurance Society, of the first part, and
William L. Durant and Horace B. Durant, doing business as
William L. Durant & Co., district agents of said society, of the
second part; whereby the said Williams covenanted that on or
before November 1, 1872, he would transfer to said Durant &
Co. all his right, title and interest in the renewal premiums
accruing from his labors in conducting the business of the

said society in the Pittsburgh agency, "for the consideration of fifteen per cent of the premiums on policies in force at the consummation of this agreement, a corrected list of which is herewith delivered, amounting to the sum of $7,833.77;" and the said Durant & Co. covenanted to pay the said consideration as follows: $200 each month during the year beginning November 1, 1872; $250 each month during the succeeding year; $200 each month during the next year, and during the fourth year, the balance of the fifteen per cent in equal monthly payments.

The plaintiff then put in evidence the record of an action by James S. McCord, administrator, against William L. Durant et al., to No. 468 March Term 1887, C. P. No. 3, and specially the affidavit of defence therein, which was executed by William L. Durant, and was as follows:

"The agreement, of which a copy is appended to plaintiff's statement, was duly made as set forth in statement, but defendants entered into the same by reason of the representations that J. D. Williams had a good title to the renewal premiums therein mentioned, and one that he could convey to the defendants. It turned out, however, that his title thereto, and right to convey the same, was disputed by the Equitable Life Assurance Company, and in the endeavor to collect the premiums defendants were involved in much and costly litigation, commencing almost immediately after the signing of said agreement, and continuing until the eighth day of February, 1875, when deponent, his co-defendant, the officers of said company, and said J. D. Williams made a full and complete settlement of the entire matter. Deponent purchased his co-defendant's interest in and under the agreement set forth in plaintiff's statement, of J. D. Williams, and deponent entered into a new agreement in which said Williams certified and stated that deponent had fulfilled the conditions of the agreement on which suit is brought. A copy of said agreement of February 8, 1875, is hereto annexed, marked exhibit A.

"The consideration of the making of this agreement, which completely abrogated and nullified the agreement of October 19, 1872, on which suit is brought, was the payments already made thereon, amounting to $3,525.90, and the execution and delivery to said J. D. Williams of four certain promissory notes,

Statement of Facts.

each for the sum of $500, dated February 8, 1875, payable at six, ten, fourteen, and eighteen months respectively, made by deponent and indorsed by one J. C. Jamison.

" Deponent further says that said agreement sued on was completely and entirely nullified, abrogated, and satisfied by the said agreement of February 8, 1875, and that his whole indebtedness to said J. D. Williams was merged in and evidenced by said promissory notes above set forth, and that no indebtedness exists on his part to said J. D. Williams, or has existed thereon, by reason or on account of said agreement, since the eighth day of February, A. D. 1875."

The plaintiff then put in evidence four promissory notes, each for the sum of $500, dated February 8, 1875, for the sum of $500 each, made by W. L. Durant, indorsed by J. C. Jamison, and payable to the order of J. D. Williams, at six, ten, fourteen and eighteen months, these notes being the ones referred to in the foregoing affidavit of defence.

The plaintiff then put in evidence the agreement under seal dated February 8, 1875, executed by J. D. Williams and W. L. Durant, and attached as exhibit A to the said affidavit of defence. This agreement recited the terms of the agreement of October 19, 1872, already in evidence, and proceeded:

" And whereas the said Wm. L. Durant has become the owner and assignee of the interest of the said Wm. L. Durant & Co. And whereas the said Wm. L. Durant has fulfilled the conditions of the aforementioned agreement. Now, know all men by these presents that I, the said J. D. Williams of the city of Pittsburgh, county of Allegheny and state of Pennsylvania, in consideration of the premises and of the further sum of one dollar to me in hand paid by the said Wm. L. Durant of the said city of Pittsburgh, at and before the ensealing and delivery hereof, the receipt whereof I do hereby acknowledge, have granted, transferred, assigned and set over and by these presents do grant, transfer, assign and set over unto the said Wm. L. Durant, his executors, administrators and assigns: All my right, title, claim, interest and demand whatsoever, of, in, to or out of the renewal premiums accruing from my labors in conducting the business of the Equitable Life Assurance Society, in the Pittsburgh agency of said society. To have and to hold the same to the said Wm. L. Durant, his executors, administrators

Statement of Facts.

and assigns from henceforth to his own proper use, benefit and behoof forever.

" And I do hereby grant unto him the said Wm. L. Durant, his executors, administrators and assigns, full power to recover the same to his own and their own use."

It was then admitted by the defendant that the four notes in evidence remained unpaid, when the plaintiff rested.

The defendant offered no evidence, but requested the court to direct the jury to return a verdict for the defendant. The court, BIDDLE, J., instructed the jury as requested, and the jury returned a verdict for the defendant as directed.

A rule for a new trial having been discharged and judgment entered on the verdict, the plaintiff took this appeal, specifying that the learned judge erred :

1. " In charging the jury and deciding that because the four promissory notes were indorsed by J. C. Jamison, therefore, there was a presumption that the plaintiff, J. D. Williams, took the notes in actual payment, and not as evidencing the amount due under the contract.*

2. " In charging the jury and deciding that the fact of there being an indorser upon the notes repudiated the usual presumption that the notes were only evidence of the debt which they represented, and the presumption that the notes were not to be in payment of the debt until paid.

3. " In charging the jury and deciding that when the defend-

---

* The charge to the jury, if any, was not printed, but the appellant's paper-book, under the heading " VI. Charge of the Court," contained the following :

" The learned judge who tried the cause, when he directed the jury to find a verdict for the defendant, gave the following reasons in support of his direction : That because the four promissory notes were indorsed by J. C. Jamison, therefore, there being an indorser upon said notes, there was a presumption that Williams took the notes in actual payment, and not as evidencing the amount due under the contract ; as if so much in cash. And that the fact of there being an indorser upon the notes, viz., J. C. Jamison, repudiated the usual presumption that the notes were only evidences of the debt which they represented, and were not to be in payment of the debt until paid. And that when Durant gave the notes, thus indorsed, to Williams, he had fulfilled his part of the contract ; and if subsequently the notes were not paid, Williams could not sue to recover the amount which they represented, though it were a part of the consideration of the contract in question.

ant, W. L. Durant, gave the notes thus indorsed he fulfilled his part of the contract with Williams, and that if subsequently the notes were not paid, the plaintiff, Williams, could not sue and recover the amount which they represented, even though it were a part of the contract."

4. In directing the jury to find a verdict for the defendant.

5. In not directing the jury to find a verdict for the plaintiff for the amount of the claim with interest.

*Mr. Wm. Henry Lex*, for the appellant.

*Mr. James M. West* (with him *Mr. J. Martin Rommvl*), for the appellee.

PER CURIAM:

The first three assignments of error are not according to the Rules. They do not give the rulings of the court below in the precise phraseology used, but only its substance. See Rule XXIII. Nor does the paper-book of appellant give the charge literally, in any part of it.

We discover no error in the direction to find for the defendant. The plaintiff put in evidence the affidavit of defence, from which it appears that the agreement of October 19, 1872, had been fulfilled by Durant. The affidavit sets forth that " the consideration of the making of this agreement, (February 8, 1875,) which completely abrogated and nullified the agreement of October 19, 1872, on which this suit is brought, was the payments already made thereon, amounting to $3,525.90, and the execution and delivery to said J. D. Williams of four certain promissory notes, each for the sum of $500, dated February 8, 1875, payable at six, ten, fourteen, and eighteen months, respectively, made by deponent, and indorsed by one J. C. Jamison. Deponent further says that said agreement sued on was completely and entirely nullified, abrogated, and satisfied by the said agreement of February 8, 1875, and that his whole indebtedness to said J. D. Williams was merged in, and evidenced by, said promissory notes above set forth, and that no indebtedness exists on his part to said J. D. Williams, or has existed thereon, by reason or on account of said agreement, since the eighth day of February, A. D. 1875." As this

Statement of Facts.

affidavit was put in evidence by the plaintiff, we must give it due credit, so far as he is concerned. If, moreover, we look at the agreement of February 8, 1875, it would seem to sustain the statements in the affidavit, and the view taken of the case by the learned judge below. There was no error in treating the promissory notes as payment, and in ruling that the remedy must be upon them.

Judgment affirmed.