## National Castings Company *v.* Loomis-Manning Filter Mfg. Company, Appellant.

310

Argued October 27, 1927.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*J. Thurston Manning,* of *Acker, Manning & Brown,* for appellant.—The plaintiff having offered in evidence paragraph 1 and Exhibit "A" of the affidavit of defense, without restriction, was bound by it, and it was error to permit the verdict for the full amount in favor of the plaintiff to stand: McCord v. Durant, 134 Pa. 184; Kull v. Mastbaum and Fleisher, 269 Pa. 202; Mellon Nat. Bank v. People's Bank, 226 Pa. 261.

*Irwin L. Sessler,* for appellee.

Opinion by Porter, P. J., July 12, 1928:

This is an action to recover the balance alleged to be due for iron castings sold and delivered by the plaintiff to the defendant. The plaintiff recovered, in the court below, a verdict and judgment for the full amount alleged in its statement of claim. The first paragraph of the statement of claim set forth in detail the number and kind of castings, and the weight and price per pound to be paid for each casting. The second paragraph of the statement set forth the credits to which plaintiff alleged defendant was entitled and the balance alleged to be due on the account. Each of these paragraphs referred to Exhibit "A" attached to the statement.

The defendant filed an affidavit of defense which did not deny that the castings to the number averred in plaintiff's statement had been furnished, but set up various grounds of defense, only two of which it is necessary, under the evidence and the manner in which the case was submitted to the jury by the court below, to consider on this appeal. (1) The first paragraph of this affidavit specifically denied that forty-four of the groups of castings involved were of the weight charged in plaintiff's statement. (2) The second paragraph of the affidavit set forth that the defendant was entitled to credit for extra machining on defective castings, as agreed to by plaintiff, in the sum of $162.25. Each of these paragraphs of the statement referred to an exhibit which was made part thereof, in which exhibit there was a detailed statement of the account between the parties. The plaintiff, at the trial, offered these two paragraphs of the affidavit of defense in evidence without any qualification whatever. The first paragraph of the affidavit of defense absolutely denied, without any qualification,

that the castings in the forty-four groups were of the weight alleged in plaintiff's statement, and set forth what the actual weight was. In the second paragraph the allegation that the defendant was entitled to credit for $162.25 for extra machining of defective castings, for which the plaintiff had agreed to allow credit, was equally specific. The plaintiff having offered these paragraphs in evidence without qualification and the averments of the affidavit of defense being unqualified and without condition were in evidence for all purposes, so far as plaintiff was concerned, and must be given due credit: McCord v. Durant, 134 Pa. 184; Kull v. Mastbaum & Fleisher, 269 Pa. 202; Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. It would have been entirely competent for the plaintiff to introduce evidence disproving these averments of the affidavit of defense but it failed to make any such attempt. The result was that the case went to the jury with this evidence, which had been introduced by the plaintiff, uncontradicted. Notwithstanding this the plaintiff recovered a verdict and judgment for the full amount of the claim averred in its statement. The evidence was not sufficient to support this verdict, the jury having ignored the uncontradicted evidence as to the forty-four items of defendant's claim and the right of defendant to credit for the extra machining of defective castings. The motion for a new trial should have prevailed. The fourth, fifth and sixth assignments of error are sustained.

The court did not err in refusing the request of the defendant for binding instructions in its favor nor in overruling defendant's motion for judgment non obstante veredicto. The remaining assignments of error are without merit.

The judgment is reversed and a venire facias de novo awarded.