Argued January 5; affirmed January 24, 1933

# BECK ET UX. *v.* GENERAL INSURANCE CO. OF AMERICA

## (18 P. (2d) 579)

*Lord & Moulton,* of Portland, for appellants.

*Frank C. Howell,* of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for respondent.

BAILEY, J. On April 11, 1928, plaintiffs obtained a judgment in Nez Perce county, Idaho, against Edith L. Morris, wife of Ben F. Morris, on account of injuries which Cynthia L. Beck sustained as a result of being struck by an automobile owned by Ben F. Morris, while it was being driven by his wife. Execution was issued on the judgment and returned unsatisfied. On August 5, 1930, this action was filed on an alleged policy of insurance covering public liability, issued by the defendant in this case. At the close of the trial the lower court directed a verdict in favor of the defendant, and from the judgment entered thereon this appeal is prosecuted.

Since the determination of the questions involved in this appeal depends largely on the pleadings in the case, we shall quote somewhat extensively therefrom. The first paragraph of the complaint alleges that the defendant is a corporation organized under the laws of the state of Washington. The next two paragraphs are as follows:

"II. That heretofore, prior to the 11th day of August, 1927, for a valuable consideration, said defendant made, executed and delivered to one Ben F. Morris, a certain policy of insurance wherein and whereby it insured said Ben F. Morris against the liability imposed by law on account of damages resulting from the ownership and operation of a certain automobile, in an amount not exceeding $5,000.00, on account of injury to or death of any one person who might be injured due to the ownership or operation of said automobile. That in and by said policy it was provided that

the insurance thereby agreed upon should be extended to cover in the same manner and under the same conditions as the said Ben F. Morris any person or persons while riding in or legally operating the automobile described in said policy, and any person legally responsible for the operation thereof, providing such use or operation should be with the permission of the said Ben F. Morris.

"III. That in and by said policy of insurance it was further agreed that bankruptcy or insolvency of the insured should not release said defendant from the payment of damages for injury sustained or loss occasioned during the life of said policy, but that in case judgment should be secured against said insured in an action brought by an injured person, then an action might be brought against said defendant on said policy by such injured person to recover on said policy an amount not in excess of the amount of said judgment, and said policy was made for the benefit of such persons as might be injured by reason of the ownership or operation of said automobile; that the premiums on said policy of insurance were duly paid and the same was in full force and effect on the 11th day of August, 1927."

The balance of the complaint is devoted to allegations concerning the accident, recovery of the judgment and the execution thereon.

To this complaint the defendant on September 10, 1930, filed its answer, in which it admitted paragraphs I, II and III of the complaint, denied the remaining allegations thereof, and alleged as a further answer the following:

"I. That said policy of insurance contained a provision that no recovery against the company shall be had hereunder until the amount of the loss or expense shall have been fully determined either by judgment against the assured after actual trial or by written

agreement of the assured, the claimant and the company, nor in either event unless suit is instituted within two years thereafter.

"II. That said loss and expense was determined by judgment against the assured after-actual trial and more than two years has elapsed from the rendition of said judgment until the filing of this action and that by reason thereof this action is completely barred."

Twelve days after filing its original answer the defendant filed an amended answer containing the following admissions and denials:

"Admits paragraph I of said complaint and admits that the defendant issued a policy of automobile insurance to Ben F. Morris and that said policy covered other persons while legally operating the automobile described in the policy with the consent of the named assured and admits that on or about the 11th day of August, 1927, Edith L. Morris, the wife of Ben F. Morris, was operating said automobile and an accident occurred wherein Cynthia L. Beck was injured; that thereafter the said Cynthia L. Beck brought an action in the district court of the state of Idaho and recovered judgment against the said Edith L. Morris but denies each and every other allegation in said complaint."

The affirmative defense set forth in the amended answer is practically in the same language as the affirmative defense contained in the original answer, with the exception that the time within which an action might be brought was changed from two years to one year.

To the affirmative defense in the amended answer the plaintiffs filed a reply alleging that during the time elapsing between the recovery of the judgment in Idaho and the institution of this action they were negotiating a settlement with the defendant and that the defendant had wilfully and maliciously concealed from

them the provisions of the policy specifying the time within which the action should be brought, and by other acts had lulled them into a sense of security.

On the trial of the case, plaintiffs introduced in evidence a certified copy of the judgment roll in the Idaho case, evidence relating to the marital status of plaintiffs and testimony as to what would be a reasonable amount to be allowed as attorneys' fees. They then offered in evidence the original answer, to which defendant objected in the following language: "It is objected to as incompetent, irrelevant and immaterial, and does not tend to prove any of the issues in the case." The objection was overruled, the original answer filed by the defendant was admitted in evidence, and plaintiffs rested; whereupon the defendant moved for a nonsuit, which was denied.

The abandoned answer was verified by one of the attorneys for the defendant, who stated as his reason for so doing, "that the defendant does not now have a representative in Multnomah county, Oregon, to make the verification, and this action is based upon a written contract." As a witness for the defense, this attorney testified that the complaint in the action had been served on the corporation commissioner of Oregon as the attorney in fact of the defendant for such service and had been forwarded by that official to the home office of the company in Seattle, Washington, and from there sent to the defendant's attorneys in Portland; that an attempt was made by defendant's attorneys in Portland to obtain a copy of the insurance policy; that they were unable to obtain the same, and concluded that it was on a form similar to that used in Oregon; and that they thereupon drew the answer, believing that the defendant was the only insurer and the proper defendant.

He testified further that after filing the answer they obtained the insurance policy and that "it was revealed then that there were two companies, one, the General Insurance Company of America, which carried one form of insurance, and the General Casualty Company, which carried the other, and that the terms of the policy were entirely different from what we had concluded and what our limited investigation revealed they were. Thereupon we wrote a letter to the attorneys advising them that we desired to amend our answer because we had admitted more than we should, and asked them to withhold a reply. They did, and we filed an amended answer, and they filed a reply to it." On cross-examination this attorney admitted that they had been for some time the regularly retained attorneys for the defendant.

The next witness for the defendant testified that he was a practicing attorney residing in Idaho; that he had represented the defendants in the damage action in Idaho and that he had procured from Ben F. Morris, one of the defendants therein, the policy of insurance which was later admitted in evidence. This policy purported to be a combined automobile policy issued by the General Insurance Company of America and the General Casualty Company of America. It was dated February 4, 1927, and read in part as follows:

"AMOUNT OF INSURANCE AND MAXIMUM LIABILITY OF COMPANY

PREMIUM

"*Insured by General Insurance Company of America*

A. Fire and Transportation ($——) Fire Rate $ ......
B. Theft ($——) Theft rate ............................... $ ......
Show Fire and Theft Rate and Premiums separately.

C. Collision ............................................................. $ ......
. State form of collision covering desired.
D. Property Damage—Limit $1,000 ....................... $8.00

> *"Insured by General Casualty Company of*
> *America.*

E. Public Liability—Limits, 1 person, $5,000;
. 1 accident, $10,000 ......................................... $15.60
If excess limits are desired, cross out these
. limits and indicate limits in space to the
. right.

1 person, $10,000.00; 1 accident, $20,000.00 ..........
Other coverage .................................................. $ ......
. Total Premiums ..............................................$23.60''

Paragraph 15 of the general conditions applying to the two companies issuing the policy, provided:

"ACTION AGAINST COMPANY. No action shall lie against the company to recover upon any claim for liability insured against in Clauses D and E of 'Perils Insured Against' unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the assured after trial of the issue or by an agreement between the parties with the written consent of the company, nor in any event unless brought within one year thereafter."

After introducing in evidence this policy of insurance, the defendant rested.

On rebuttal one of the plaintiffs was called to testify as to what effort had been made to collect from the insurance company the amount of the judgment in the Idaho case. He stated that he had taken up the question of insurance with one of the defendants in that case and that the defendant questioned had refused to tell him the name of the company which had issued the policy of insurance; that he then took up the matter with the agents there and they likewise refused; and

that, having failed elsewhere to obtain the desired information, in March or April of 1930 he called on the attorney who represented the defendants in the Idaho case. Counsel for defendant objected to testimony as to what transpired at this last conference, on the ground that at the time of the conversation with the attorney the time specified in the policy for bringing an action had expired, and this objection was sustained. Plaintiffs then made an offer of proof as to what that witness would testify, and rested. Thereupon the defendant moved for a directed verdict in the following language:

"If the court please, I think we are entitled to a directed verdict at this time, and I so move the court on the ground and for the reason that there is no evidence here that tends to sustain the complaint or cause of action of these plaintiffs in any way, and it appears further that the wrong party is made defendant; that the proper party is not made a defendant; and there has been no proof of waiver or estoppel or anything that would vitiate or void the contractual limitation specified in the policy."

This motion was denied and after counsel for the respective parties completed their arguments to the jury an adjournment was taken until the next day, when the defendant asked to have the case reopened and to be granted permission to call another witness who had not prior thereto been available. The request was granted and the claims attorney for the defendant and the General Casualty Company of America was called as a witness and identified the policy of insurance which had already been introduced in evidence, and the signature of the agent signing it. He also testified that the two companies issuing this policy were separate corporations with separate reports to the

insurance commissioner and separate sets of books, and that the stock of these companies was owned by the General America Corporation; that the two companies were "very distinct in that they write two distinct classes of business, the General Insurance Company of America writing an entirely different class of business from that written by the General Casualty Company"; and that they issued a joint policy.

■ At the time the policy of insurance, introduced by the defendant, was offered in evidence, plaintiffs had objected to its introduction on the ground that it had not been sufficiently identified. This failure of proof, if any, was supplied by this last witness.

At the conclusion of this testimony, no further evidence being offered, the trial judge stated that he had reconsidered the motion presented, and thereupon directed a verdict in favor of the defendant.

The plaintiffs resisted defendant's request to reopen the case, on the ground that it was closed and ready to be submitted to the jury, and that the plaintiffs were not in a position to meet testimony which might be offered. No request, however, was made by plaintiffs, at that time or later, for a continuance, and at their suggestion the court announced that arguments, presumably to the jury, might be reopened.

■ Plaintiffs' first assignment of error is based on the court's ruling allowing the case to be reopened after arguments to the jury had been completed and permitting the defendant to introduce further evidence. This was a matter within the sound discretion of the court, and, as no abuse of that discretion was shown, the ruling cannot be disturbed on appeal: *Davis v. Emmons,*

32 Or. 389 (51 P. 652). Moreover, the disposition here made of the case is not in any way dependent upon the action taken by the lower court in that respect.

The principal question involved on this appeal is whether or not the court erred in granting a directed verdict for the defendant. The appellants contend that the admissions contained in the abandoned answer which had been introduced by them in evidence, together with the other testimony in the case, necessitated the submission of the case to the jury, while the respondent maintains: (1) that the abandoned pleading was not admissible without first showing that an attempt had been made to produce the policy of insurance; (2) that the terms of the insurance policy could not be proved except by the policy itself or secondary evidence of the contents thereof in case it could not be produced; and (3) that by the introduction of the abandoned pleading the appellants could not avail themselves of the admissions therein without being bound by the allegations in the affirmative defense.

 The original answer contained admissions against defendant's interest and was therefore admissible to establish plaintiffs' case: *Feldman v. McGuire,* 34 Or. 309 (55 P. 872); *Sayre v. Mohney,* 35 Or. 141 (56 P. 526); *Eliff v. Oregon R. & N. Co.,* 53 Or. 66 (99 P. 76); *Meagher v. Eiler's Music House,* 77 Or. 70 (150 P. 266); *Mount v. Welsh,* 118 Or. 568 (247 P. 815). The defendant, however, was not concluded by the introduction of the abandoned answer from showing that the admissions contained therein were made without full knowledge of the facts and resulted from a mistake on the part of the attorneys preparing the answer. Such admissions are treated as extrajudicial and may be con-

tradicted or explained: *Johnson v. Sheridan Lumber Co.,* 51 Or. 35 (93 P. 470); *Mount v. Welsh,* supra; 16 Cyc. 1049.

■ When the plaintiffs introduced the entire original answer, without limitation or reservation and without offering any evidence to contradict or explain the affirmative matter therein, they adopted the entire pleading as a part of their case. The plaintiffs could, if they had so desired, have introduced evidence to disprove or explain the affirmative matter contained in their adversary's abandoned pleading. Referring to the question of introducing a former pleading in evidence, the court in the case of *Portland Body Works v. McCullough Motor Supply Co.,* 72 Ind. App. 216 (119 N. E. 180), observes:

"It is true that when a party introduces his adversary's pleading in evidence, 'like other admissions, all the statements of the whole pleading are to be taken together, what makes for the pleader, as well as what makes against him.' Boots v. Canine, 94 Ind. 408.

"The averments of the answer favorable to appellant were not conclusive as against appellee, however. The latter remained free to disprove such averments. Cleveland, etc., Co. v. Gray, 148 Ind. 266, 274, 46 N. E. 675; 1 Greenleaf on Ev. (8th Ed.), section 201."

In the case of *Yates v. People,* 207 Ill. 316 (69 N. E. 775), in reference to this subject, it is said:

"The petitioner below, having introduced in evidence, as its own proof, the amended answer and the amendment thereto, is bound by the statements therein that the company had, for a period of more than one year prior to the beginning of the suit, ceased to transact the business for which it was organized, and had remained out of business for 16 years after 1887. Fish v. McGann, 205 Ill. 179, 68 N. E. 761."

The same question was involved in the case of *Warnick et al. v. Warnick et al.*, 107 Neb. 747 (187 N. W. 51), where the rule was thus stated:

"On the part of the appellees it is contended that the petition and answer of Elizabeth Warnick having been offered in evidence by appellant without any reservation or limitation as to purpose for which offered, and that the appellant is bound by the allegations therein not rebutted or controverted by other evidence. The rule in such cases appears to be that, where a party to a suit introduces in evidence his adversary's pleadings without any reservations or limitations as to the purpose for which offered, all the statements in such documents, like other admissions, are to be taken together, what makes for the pleader, as well as what makes against him; and in such case, where the allegations of such pleadings are not rebutted or controverted by other evidence, such allegations will stand as admissions. Portland Body Works v. McCullough Motor Supply Co., 72 Ind. App. 216, 119 N. E. 180; Yates v. People, 207 Ill. 316, 69 N. E. 775; McCord v. Durant, 134 Pa. 184, 19 Atl. 489; Chicago & A. R. Co. v. Harrington, 192 Ill. 9, 61 N. E. 622; Baskett v. Jones, 189 Ky. 391, 225 S. W. 158."

See, also *Baskett v. Jones*, 189 Ky. 391 (225 S. W. 158); *McCord v. Durant*, 134 Pa. 184 (19 Atl. 489). In 22 C. J., at page 332, it is stated:

"One who desires to avail himself of admissions in a pleading must accept them as an entirety. He cannot select such portions as may suit him and reject the remainder."

The admissions contained in the original answer must be considered in connection with the affirmative allegations therein; and when so considered it becomes clearly apparent that by the introduction in evidence of this abandoned answer plaintiffs proved that the policy of insurance which defendant admitted it issued,

if any, contained a provision limiting the time within which action thereon could be brought to two years after entry of final judgment against the assured. This provision of the policy is as much a part of the contract as any other provision therein, and, if reasonable, is valid.

In the case of *Missouri, Kansas & Texas Railway Company v. Harriman,* 227 U. S. 657 (33 S. Ct. 397, 57 L. Ed. 690), involving a provision limiting the time in which action could be brought to 90 days after damage sustained, the court said:

"The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386. A stipulation that an express company should not be held liable unless claim was made within ninety days after a loss was held good in Express Company v. Caldwell, 21 Wall. 264. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: Central Vermont Railroad v. Soper (1st C. C. A.), 59 Fed. Rep. 879; Ginn v. Ogdensburg Transit Co. (7th C. C. A.), 85 Fed. Rep. 985; Cox v. Central Vermont Railroad, 170 Mass. 129; North British &c. Insurance Co. v. Central Vermont Railroad, 9 App. Div. (N. Y.) 4, aff'd 158 N. Y. 726. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. McCarty v. Gulf &c. Ry., 79 Texas 33; Thompson v. Chicago &c. Ry., 22 Mo. App. 321. See

cases to same effect cited in 6 Cyc., p. 508. The provision requiring suit to be brought within ninety days is not unreasonable."

See, also, *Dechter v. National Council, K. and L. of S.,* 130 Minn. 329 (153 N. W. 742, Ann. Cas. 1917C, 142); *Ilse v. Aetna Indemnity Company,* 69 Wash. 484 (125 P. 780); Cooley's Briefs on Insurance, (2d Ed.), Vol. 7, page 6800; *Egan v. Oakland Insurance Company,* 29 Or. 403 (42 P. 990, 54 Am. St. Rep. 798).

■ The provision limiting the time in which action could be brought on the policy to two years after the entry of final judgment against the assured is not unreasonable, and as plaintiffs failed to institute this action within such time, no error was committed by the lower court in directing a verdict for the defendant. The judgment appealed from is affirmed.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur