OPINION
By MORGAN J.
On February 28, 1936, the plaintiff secured a judgment for $1,000.00 against the defendant, Markus, for injuries sustained by the plaintiff while he was a passenger in an automobile operated by the said defendant. Markus was covered by a policy of insurance in The Maryland Casualty Company. Markus did not pay the judgment, and on December 22, 1938, nearly three years after the date of the judgment, supplemental proceedings were brought by the plaintiff, under §9510-4 GC to join The Maryland Casualty Company in the case in order to subject the insurance provided by the policy to the payment of the judgment. The question involved in this case is the liability of The Maryland Casualty Company under the said supplemental proceedings. The trial court entered judgment for the plaintiff against the insurance company.
The Maryland Casualty Company on its appeal is relying only on one ground of error, namely, that under the terms of the policy the *590 supplemental proceedings against the appellant are barred by the conditions of the policy.
The pertinent provisions of the policy are found in “Condition C” and “Insuring Agreement IV” thereof.
“Condition C” of the policy is as follows:
“No action shall lie against the Company to' recover upon any claim or for any loss under Insuring Agreement IV, unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years after such final judgment or agreement.”
“Insuring Agreement IV” referred to in “Condition C” of the policy, is as follows:
“The insolvency or bankruptcy of the assured shall, not release the Company from the payment of damages for injuries, or death, sustained, or loss occasioned within the provisions of this policy; and the prepayment of any judgment that may be recovered against the assured upon any claim covered by this Policy is not a condition precedent to any right of action against the Company upon this Policy but the Company is bound to the extent of its liability under this Policy to pay and satisfy such judgment; and an action may be maintained upon such judgment by the injured person, or his or her heirs or representatives, as the case may be, to enforce the liability of the Company as in this Policy set forth and limited.”
The plaintiff failed to file his proceedings against The Maryland Casualty Company within two years after the date of the judgment, so that if the two-year limition in “Condition C” of the Policy is valid, the plaintiff’s action against The Maryland Casualty Company is barred.
“Condition C” requires that actions based on any claims under “Insuring Agreement IV” be “brought within two years after final judgment or agreement.” Plaintiff contends that “Insuring Agreement IV” deals solely with actions brought by the injured persons or their representatives and that “it neither limits or has any application to actions which the assured might bring against insurer.” We do not agree with this contention of the plaintiff.
In the provision in “Insuring Agreement IV” to the effect that “the prepayment of any judgment that may be recovered against the assured upon any claim covered by this policy is not a condition precedent to any right of action against the Company, upon this Policy” there is no limitation to actions brought against the Company by the injured person. The plain meaning of the provision is that it is not necessary that the assured prepay the judgment in order that he may have a right of action against the Company upon the policy.
“Condition C” of the policy accordingly limits to two years after judgment, not only any action brought by the injured party, but also the right of action given the assured under “Insuring Agreement IV” to bring an action on the policy without prepayment of the judgment. This does' not imply that if the assured is required to pay the judgment after two years from the date of the judgment, he would not have an action against the Company on the policy by reason of such pay *591 ment. That question is not involved in this case. Inasmuch as “Insuring Agreement IV” deals only with actions by the assured or by the injured person after judgment and without its prepayment, the limitation of two years in “Condition C” applies only to such actions.
The plaintiff concedes that the assured and the insurer can legally contract in the policy for a shorter limitation on actions which may be brought by the assured than is provided in the general limitation statute in the Code, if the shorter period is reasonable. There is no claim in this case that a two-year limitation is unreasonable. The plaintiff, however, contends that his right to maintain this action is not based on any provision in the policy but on §9510-4 GC, and that therefore, the provision in “Condition C” limiting the right of the injured party to bring an action to two years after the judgment either does not apply or is invalid.
It is obvious that in this case the plaintiff seeks to recover benefits which could never have existed but for the contract of insurance’ entered into between the owner of the car and The Maryland Casualty Company.
The Supreme Court of Ohio, in cases construing §9510-4 GC, has repeatedly held that this section does not change the general rule that the rights of the plaintiff not a party to the contract can rise no higher than the rights of the assured under the policy.
Accordingly, it has been held in Ohio that the injured party is precluded from recovering under §9510-4 GC, where the assured had breached the terms of the policy; (1), by failing to give the insurer notice of the accident, and to send in the suit papers; (Stacey v Fidelity & Casualty Company, 114 Oh St 633); (2) by failing to cooperate with the company in defending the suit; (Luntz v Stern, 135 Oh St 225), (Conold v Stern, 138 Oh St 352.)
Ill the case of Accident & Indemnity Co. v Randall, 125 Oh St 581, the court concluded that conditions in the policy might be performed by the injured person in order to preserve his rights, but the court expressly, in its opinion, reaffirmed “the doctrine that the rights of the injured party rise no higher than the rights of the assured under the policy of insurance, and that the insurance company is entitled to full performance of each and every condition of the policy.”
In Stacey v Fidelity & Casualty Company, it is stated that “the reasonable interpretation to be put upon the language of §9510-4 GC, is that the injured party should be substituted for the assured and subrogated to all of his rights, and only such rights as the assured might have been able to maintain against the insurance company, when seeking to be indemnified.” In view of the fact that the right of the assured provided for in “Insuring Agreement IV” to bring an action against- the insurer without a prepayment of the judgment is barred by the two-year limitation in “Condition C” of the policy, it follows that the right of the injured party to be “substituted for the insured and subrogated to all of his rights”. is also barred.
The general statutes of limitation are not incorporated in §9510-4 GC, either directly or by implication. In Conald v Stern, supra, the court in its opinion stated:
“While §9510-4 GC, provides that an injured person may by supplemental petition proceed against the insurance company after judgment *592 is obtained against the insured who was responsible for the injury, this must be interpreted to mean that such right is subject to the limitations and conditions of the insurance contract entered into ■between the insurance company and the insured.”
It follows that the right of action of the injured person in this case is subject to “Condition C” of the policy which limits his right of action to two years after judgment.
While the question whether a limitation clause contained in the contract of insurance is binding on an injured third party in a suit against the insurer under §9510-4 GC, has not been passed on in Ohio, cases in other jurisdictions uniformly hold that such limitation in the policy is binding on injured third persons. Beck v General Insurance Co. of America, 141 Ore. 446; Card v Commercial Casualty Ins. Co. 95 S. W. (2nd) 1281 (Tenn;) Keyes v Continential Casualty Co. 121 Penn. Sup. Ct. 359.
It is therefore our opinion that the supplemental proceedings brought by plaintiff in this case against The Maryland Casualty Company are barred because not brought within two years after the judgment, as required by the contract of insurance.