George **PEOPLES**, Plaintiff,

v.

**SOUTHERN PACIFIC COMPANY**, a corporation, Defendant.

Civ. No. 7558.

United States District Court
D. Oregon.

April 8, 1955.

William A. Babcock, Jr., Portland, Or., for plaintiff.

John Gordon Gearin, Portland, Or., and W. A. Gregory, Jr., San Francisco, Cal., for defendant.

SOLOMON, District Judge.

Plaintiff's motion for summary judgment on the issue of liability is denied.

Defendant's motion for summary judgment is hereby granted.

## Comment

■ In two earlier cases, Lawrey v. Southern Pacific Company, D.C., Civil No. 6451, and Barton v. Southern Pacific Company, D.C., Civil No. 6693, I held that an employee must exhaust his administrative remedies in an employment contract before he can maintain an action at law for an alleged breach of such contract. In the Barton case, in my unreported opinion, a copy of which is attached hereto, after citing the case of Beck v. General Ins. Co., 1933, 141 Or. 446, 18 P.2d 579, I stated:

"I am convinced that the Oregon Supreme Court, in line with its own decisions and the decisions of other courts, would require compliance with the provisions of Rule 38(a) particularly in a case like this, in which it is not contended that the provisions of such rule are either arbitrary or unreasonable."

Nothing contained in plaintiff's brief has caused me to alter the view which I expressed in the Barton case.

■ I am also of the opinion that plaintiff was required to comply with the applicable provisions of the collective bargaining agreement entered into between the defendant and the Brotherhood of Railroad Trainmen and that he failed to comply with the provisions of Article 58, Section (c), Item 3. I believe that this conclusion is in line with the holdings of this circuit. Barker v. Southern Pac. Co., 9 Cir., 1954, 214 F.2d 918; see also George E. Willman v. Southern Pacific Company, Civ. No. 5937, U. S. District Court for the Northern District of California, Northern Division, a case decided by Judge Dal M. Lemmon, then a District Judge, on July 22, 1948.

On the basis of my finding that the Oregon law requires the exhaustion of administrative remedies in an employment contract, the case of Transcontinental & Western Air., Inc., v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, is also applicable.

■ In arriving at these conclusions, I have given serious consideration to the issue raised by the plaintiff that he was not properly notified of the charges being made against him and the time and place of the hearing as required by Article 57 of the agreement. I have also carefully read the letter of Mr. L. P. Hopkins, defendant's superintendent, to Mr. M. S. Felter, secretary of the union that was authorized to represent plaintiff. In Mr. Hopkins' letter of January 12, 1953, in answer to Mr. Felter's letter of January 10, requesting that plaintiff be permitted to return to service and be reinstated with his seniority unimpaired, Mr. Hopkins wrote:

"Regret there is nothing that can be done towards giving favorable consideration to permit Mr. Peoples to return to service of Southern Pacific Company."

The defendant argues that this letter was accepted by plaintiff as a presentation of plaintiff's grievance as required by Article 58, Section (c).

In spite of the fact that the letter of Mr. Hopkins does not so state, I have come to the conclusion that this letter to Mr. Felter must be given this interpretation and that Mr. Hopkins' letter amounts to a denial of the claim as provided in Item 3, Article 58, Section (c).

## APPENDIX
### Wesley P. BARTON v. SOUTHERN PACIFIC COMPANY
#### Civil No. 6693.

### ORAL OPINION
#### February 4, 1954

Plaintiff filed an action against defendant, his former employer, for actual and punitive damages by reason of his alleged wrongful discharge.

At the final pretrial conference held January 20, 1954, I stated that I was in doubt as to whether there was any genuine issue of fact which should be submitted to a jury.

On the basis of Odell v. Humble Oil & Refining Co., 10 Cir., 1953, 201 F.2d 123, and my own decision in Lawrey v. Southern Pacific, Civil No. 6451, decided January 24, 1953, I stated that I had come to the conclusion that no cause of action was stated in tort and that plaintiff's remedy, if any, was in contract. I also stated that, on the basis of the allegations set forth in the complaint as well as in the pretrial order, which merely allege malice and not fraud, plaintiff would not be entitled to punitive damages, even in contract.

I also stated that I was of the opinion that, in the absence of contract or other statutory provisions, an employee may be discharged for any cause or without cause and that his rights, if any, are predicated solely on the union agreements which are part of an employee's contract of employment. In view of the fact that plaintiff did not follow the provisions applicable to aggrieved employees, particularly Rule 38(a), by which plaintiff in the pretrial order admits he was bound, I expressed the view that he could not maintain an action even for breach of contract.

At the hearing, counsel for plaintiff announced that he was relying on the case of Transcontinental & Western Air, Inc., v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325. He frankly admitted that, if the Oregon law requires strict compliance with the contractual provisions of an employment contract restricting the time and manner in which one may enforce his rights under such contract, then a motion for summary judgment should be allowed.

Although there are numerous decisions in other jurisdictions dealing with this precise problem, Duminie v. Southern Pacific Co. (Jan. 19, 1953, D.C.N.D.Cal. S.D.) No. 30483; Buberl v. Southern Pac. Co., D.C.N.D.Cal.1950, 94 F.Supp. 11; Ringle v. Transcontinental & Western Air, Inc., D.C.W.D.Mo.W.D.1953, 113 F.Supp. 897, there is no Oregon case precisely in point. However, the Oregon Supreme Court has, on numerous occasions, upheld similar provisions in other types of contracts. See Beck v. General Ins. Co., 1933, 141 Or. 446, 18 P.2d 579. I am convinced that the Oregon Supreme Court, in line with its own decisions and the decisions of other courts, would require compliance with the provisions of Rule 38(a) particularly in a case like this, in which it is not contended that the provisions of such rule are either arbitrary or unreasonable.

Defendant's motion for summary judgment is hereby granted. Counsel for defendant shall present appropriate findings of fact, conclusions of law, and a judgment in favor of the defendant.