# YATES, *Appellant,*
## *v.*
# LARGE aka WRIGHT, *Respondent.*
### (TC 77-0686, SC 25507)
585 P2d 697

R. Scott Taylor, of Taylor and Taylor, Veneta, argued the cause and filed the brief for appellant.

Larry W. Stuber, of Goode, Goode, Decker & Hinson, P.C., Albany, argued the cause for respondent. On the brief was James C. Goode, of Goode, Goode, Decker & Hinson, P.C., Albany.

Before Tongue, Presiding Justice, and Howell, Bryson and Linde, Justices.

TONGUE, J.

**TONGUE, J.**

This is a personal injury action arising from an automobile accident. The verdict of the jury was that defendant was 57 percent negligent; that plaintiff was 43 percent negligent, and that plaintiff's total damages were $11,462.50. Plaintiff appeals from the resulting judgment for $6,533.63.

■ Plaintiff assigns as error the refusal of the court to instruct the jury that in assessing damages in a personal injury action the jury shall not consider the ability of the defendant to pay. Plaintiff contends that it was error to refuse to give that instruction because defendant "interjected into the trial of this case the issue of defendant's ability to pay" both by testimony and by argument to the jury.

Defendant denies the offer of any improper testimony or argument and contends that, in any event, the requested instruction was not "neutral" in that it referred only to consideration of the financial condition of the defendant, rather than to that of both parties.

Of more importance, however, plaintiff did not assign as error the denial of any objections to such testimony or argument and made no motion for mistrial or to admonish the jury to disregard any such evidence or argument. Also, the court instructed the jury that it was "not to allow bias, sympathy or prejudice any place in your deliberations, for all parties are equal before the law." On this state of the record we decline to reverse the trial court for refusing to give the requested instruction.

■ Plaintiff next assigns as error the withdrawal by the trial court from consideration by the jury of plaintiff's specification of defendant's negligence in failing to properly signal her intention to make a left turn when there was evidence of a "visual obstruction" between plaintiff's and defendant's cars. In support of that assignment of error plaintiff contends that even if

all of the evidence was that defendant had activated her "blinker" turn signal approximately 100 feet before she made the turn, with no evidence to the contrary, and even if that signal was operating properly and was "plainly visible" to cars following her car, the giving of such a signal did not satisfy the requirements of ORS 483.126 because that statute requires the giving of "a proper signal which is plainly visible to the driver of such other vehicle" [i.e., "any other vehicle which may be affected by such movement"].[1] In this case plaintiff contends that there was a "blind spot" between defendant's car and plaintiff's car, with the result that plaintiff and her passenger did not see defendant's car until it was turning in front of them in their lane of traffic.

Under such an interpretation of ORS 483.126(1), the driver of an automobile could not discharge his duty to give a "plainly visible" signal of intention to make a turn by turning on his "turn blinkers," so as to give a signal which would normally be "plainly visible" to the drivers of "any other vehicle which may be affected" if, by chance, there is some obstruction which prevents the driver of some other car from seeing the "turn signal" that has been given, as by another vehicle between defendant's car and plaintiff's car. In our judgment, such an interpretation of the statute would be absurd and could not have been intended by the legislature.[2]

[1] The statute concerning signal that was applicable to this case (date of accident, April 7, 1975) was:

"483.126 Signals for starting, stopping, changing lanes or turning on highway. (1) The driver of any vehicle upon a highway before starting, stopping, changing lanes or turning from a direct line shall first see that such movement can be made in safety. If any pedestrian may be affected by such movement the driver shall give a clearly audible signal by sounding the horn. Whenever the operation of any other vehicle may be affected by such movements he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement."

[2] Cf. Voight v. Nyberg, 218 Or 383, 345 P2d 821 (1959), in which this court, in discussing the requirement of the same statute relating to "clearly audible" signals said (at 391-92) that:

Plaintiff's third assignment of error is that the court erred in permitting defendant to amend his answer and thus to withdraw a judicial admission of the amount of plaintiff's damages by defendant's counsel in open court.

It appears that plaintiff's original complaint alleged $150,000 in general damages and $9,344.42 in special damages, including $6,449.02 in medical and hospital expenses.

Defendant's amended answer to that complaint admitted that plaintiff incurred "some injury and medical expense" and alleged that:

> "Defendant denies that plaintiff's general and special damages, in total, exceed the sum of $17,500."

On August 24, 1977, some two weeks before trial, plaintiff filed an amended complaint, alleging $9,110 in special damages, but reducing the claim for medical and hospital expenses by the amounts paid by plaintiff's "automobile insurance carrier," (apparently under P.I.P. coverage).

On August 29th defendant moved to strike some of the alleged items of special damages. That motion was denied on August 31st. Plaintiff then filed a motion to make more definite and certain the allegation of defendant's previous answer that plaintiff's general and special damages did not exceed $17,500. That motion was argued at the beginning of the trial. During the course of that argument defendant's attorney stated that a plaintiff can allege general and special damages "in a lump"; that defendant had denied that the total damages exceeded $17,500, and should not be required "to specify how much is general and how much is special," but agreed with a statement

---

"* * * The instruction required plaintiff not only to give a signal but at his peril to make certain that it had been heard. This placed on the driver of the passing car too great a duty. It seems to be a well established rule of law that the driver of a passing car is under no obligation to make certain that his clearly audible signal is heard and understood by the driver of the overtaken vehicle. [Citations omitted]"

by the court that "if liability is proven that he would admit at least generals and specials that would total $17,500."

At the beginning of the second day of trial defendant moved for leave to file an answer to plaintiff's amended complaint alleging, among other things, that "defendant denies that plaintiff's general and special damages, in total, exceed the sum of $11,462.50." Plaintiff objected on the ground, among others, that defendant had previously admitted that if liability was proven plaintiff's general and special damages would not exceed $17,500.

During the course of argument on that motion defendant's attorney stated that in making that admission he had assumed "that the amount of the special damages being claimed was the total amount and not the net amount," after allowing credit "for what we [sic] had already paid toward the specials"; that in previously admitting $17,500 in total damages he was, in effect, conceding about $9,000 in general damages, and that "now with them seeking just the net amount, the credit would not be appropriate because they're not asking for what has already been paid."

The following colloquy is not entirely clear. The court inquired as to the amount of that difference. Plaintiff's attorney responded that "* * * sixty-one hundred, [dollars] is the difference in specials," but contended that defendant was aware of that fact when he made the admission of $17,500.

The court then stated that "the fair thing to do would be to simply reduce the $17,500 by a reduction in the specials" and ruled, over plaintiff's objection, that defendant be permitted to file the amended answer.

At the conclusion of the trial the jury found that plaintiff's "total money damages" were $11,462.50, on a form of verdict which included the notation "not less than $11,462.50."

■ An admission of fact in a pleading is a judicial admission and, as such, is normally conclusive on the party making such an admission. *Borgert v. Spurling et al,* 191 Or 344, 352, 230 P2d 183 (1951); *Turner, Adm'r v. McCready et al,* 190 Or 28, 33, 222 P2d 1010 (1950); McCormick on Evidence 630, § 262 (2d ed 1972). *See also* 9 Wigmore on Evidence 587, §§ 2589, 2590 (1940). The same is ordinarily true of admissions of fact made by attorneys during the course of a trial. *See Garvin v. Western Cooperage Co.,* 94 Or 487, 498, 184 P 555 (1919), overruled on other grounds in *Hansen v. Hayes,* 175 Or 358, 387-88, 154 P2d 202 (1944); *Arstill v. Fletcher,* 95 Or 308, 317, 187 P 854 (1920); and McCormick, *supra,* 643-44, § 267. There is authority, however, for the proposition that the trial court may relieve a party from the consequences of a judicial admission. *See* 9 Wigmore, *supra,* 587-88, § 2590. *See also* McCormick, *supra,* 643, § 267.

■ Upon the filing of an amended answer, however, any admission of fact in the superseded answer is no longer a judicial admission, but is admissible as evidence to establish plaintiff's case. *Beck v. General Ins. Co.,* 141 Or 446, 455, 18 P2d 579 (1933); *Klemgard et al v. Wade Seed Co.,* 217 Or 409, 414, 342 P2d 757 (1959); McCormick, *supra,* 635, § 265. In other words, a superseded pleading can be used as an "evidentiary admission," but is no longer conclusive upon the party making such an admission and is subject to explanation by that party. *Moore v. Drennan,* 269 Or 189, 193, 523 P2d 1250 (1974); *Beck v. General Ins. Co., supra,* 141 Or at 455.

Whether to permit a party to file an amended pleading is ordinarily a matter within the sound discretion of the trial court. Here, however, the question was not whether to permit defendant to file an amended answer. Instead, in this case plaintiff had filed an amended complaint to which defendant had not yet filed any answer. The question was whether in filing such an answer defendant should be permitted to include an allegation inconsistent with a previous

admission claimed to have been made under a mistake of fact.

■ Defendant was entitled to file an answer to the amended complaint. At least, under the facts of this case, the trial court did not err in allowing defendant to file the answer filed by it in this case. If the answer filed by defendant included an allegation inconsistent with a previously admitted fact, plaintiff might have either offered the previous pleading as an evidentiary admission of that fact or contended that the previous oral admission by plaintiff's counsel was an admission of that fact, either as a judicial admission or as an evidentiary admission. No such contentions were made by plaintiff in this case and no such questions are before the court for decision on this appeal.

■ Plaintiff's final assignment of error is that the court erred in not advising counsel of the contents of two "jury notes made prior to submission of the case to them and in not inquiring into jury misconduct." It does not appear from plaintiff's assignment of error or brief, however, that when this matter came to the attention of plaintiff's attorney he made any objection, or moved for a mistrial, or for a new trial, or took any other action to seek redress in the trial court for any such error. We have held that such matters are normally addressed to the sound discretion of the trial court. *See Chayne v. Deike,* 270 Or 58, 63, 526 P2d 557 (1974), and *Weber v. Kamyr, Inc.,* 269 Or 617, 624, 525 P2d 1307 (1974). We see no reason to apply a different rule in this case.

The judgment of the trial court is affirmed.