Argued and submitted January 7, reversed and remanded April 13, Pounds' petition for review and Sigurdson's petition for review denied August 30, 1994 (320 Or 109)

Lance POUNDS,
a Minor,
by and through Marlow Pounds,
his guardian ad litem,
*Appellant,*

*v.*

HOLY ROSARY MEDICAL CENTER,
an Oregon non-profit corporation,
*Defendant,*

*and*

John D. SIGURDSON,
*Respondent.*

(91-04-24-090; CA A76172)

872 P2d 437

Graham Walker argued the cause for appellant. With him on the briefs was C. Richard Noble.

Janet M. Schroer argued the cause for respondent. With her on the brief was Hoffman, Hart & Wagner.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

De Muniz, J., dissenting.

## LEESON, J.

In this medical malpractice action, plaintiff appeals a judgment for defendant following a jury trial. We reverse.

Plaintiff is an infant who was injured during birth. He brought claims, through his guardian *ad litem*, against the hospital and defendant, his mother's obstetrician. The hospital settled with plaintiff before trial, and the complaint was amended to delete any reference to that claim.

Plaintiff made a pretrial motion to exclude any evidence of the prior pleadings and the settlement. The trial court tentatively granted plaintiff's motion:

"[A]t this juncture, I will * * * grant the Motion in Limine, with the provision that, if, at the end of the other evidence, it appears that the introduction of the evidence of settlement is necessary for the * * * jurors to properly deliberate, then * * * I will allow it at that time."

During cross-examination of plaintiff's guardian *ad litem*, defendant asked the trial court to reconsider its ruling on the pretrial motion. A lengthy colloquy followed. Outside the presence of the jury, defendant explained his position that he would "not receive a fair trial, with all relevant information, if this allegation, and lawsuit, and settlement is not brought before the jury." Plaintiff's counsel argued that, "if you allow that to go in, it's going to discourage settlements. Once you've pled against two defendants, you're going to have that used for a defense."

The trial court then reversed its pretrial ruling. It first ruled that evidence of plaintiff's original complaint against the hospital was admissible. Then it reasoned that,

"once we get [the prior pleadings] into the case, then * * * I think we have to advise [the jury] of the settlement. That * * * if for no other reason, to explain why [the hospital] is no longer * * * here."

When defendant's cross-examination of plaintiff's guardian *ad litem* resumed, defendant immediately elicited testimony, without further objection, regarding the prior pleadings and settlement:

"Q: Mr. Pounds, is it true, sir, that you filed a lawsuit, uh, which included initially, the following allegations: 'Defendant, Holy Rosary Medical Center, was negligent, through its

agents and employees, in failing to promptly and adequately resuscitate said child (referring to Lance Pounds), following the delivery of the child, in one or more of the following particulars: (a) In failing to administer sodium bicarbonate, until 1:53 A.M. (b) In failing to obtain a blood sample, until 1:30 A.M.'?

"And did you, sir, subsequently file an Amended Complaint, alleging, 'Defendant, Holy Rosary Medical Center was negligent, through its nurse, Tinley Vickers, in failing on April 7th, 1989, when she first saw the unborn child's feet sticking out of the mother, to immediately use the public address or phone system, either personally, or if she were busy, by utilizing [plaintiff's guardian *ad litem*], who was in the delivery room, to summon a doctor to the obstetrical unit?

"And did you allege further, sir, as the personal representative, 'The combined and consecutive negligence [*sic*] conduct of the Defendants Holy Rosary Medical Center and [defendant] concurred to cause Plaintiff's permanent, painful, disabling injuries, as hereinafter alleged. The Plaintiff cannot segregate the portion of his injuries, resulting from the individual negligence of any particular defendant.'

"Did you make those allegations within this lawsuit?

"A: I believe we did.

"Q: And did you settle your allegation — settle, with respect to Holy Rosary Medical Center?

"A: Yes, we did."

■    Plaintiff assigns error to the court's ruling admitting evidence of the settlement, contending that the evidence was inadmissible under OEC 408.[1]

OEC 408(1)(a) provides, in part:

"Evidence of furnishing * * * or accepting * * * a valuable consideration in compromising * * * a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."

Thus, evidence of plaintiff's settlement with the hospital is inadmissible to disprove the validity of his claim against

---

[1] Plaintiff provided a combined argument on that assignment of error, in which he also argued that the trial court erred in denying his motion for a mistrial based on the "misconduct of [defense] counsel in bringing in the settlement on this case." It is not necessary for us to address that alleged error, because plaintiff properly preserved his objection to admission of the evidence of settlement with the hospital.

defendant, despite its logical relevance on that issue. However, the rule does not exclude evidence of a settlement if the evidence is relevant to prove another issue in the case, such as bias or prejudice of a witness. OEC 408(2)(b); *Holger v. Irish*, 316 Or 402, 414, 851 P2d 1122 (1993).

*Holger*, like this case, was a medical malpractice action in which the plaintiff originally filed claims against the physician and the hospital, then settled with the hospital. The trial court in *Holger* told the jury about the settlement of the claim against the hospital, stating that otherwise "the jury would 'wonder why the hospital's not involved in the case.' " 316 Or at 413. The Supreme Court held that the evidence of the plaintiff's settlement with the hospital had no independent relevance in the circumstances, and was, therefore, inadmissible under OEC 408.

Defendant maintains that *Holger* is distinguishable on several grounds. His primary contention is that, in this case, unlike in *Holger*, the prior pleadings were in evidence.[2] He asserts, and the dissent agrees, that, "once th[at] evidence came into the record, the information regarding settlement acquired * * * 'independent relevance[.]' "

■■    Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. OEC 401. Both defendant and the dissent fail to identify any fact of consequence to the determination of the action, other than the validity of plaintiff's claim, that was made more or less probable by admission of the settlement evidence, even in the light of the admission of plaintiff's prior pleadings. Admission of the prior pleadings in the case did not make the evidence of plaintiff's settlement with the hospital independently relevant.[3]

---

[2] Prior pleadings are generally admissible if they contain statements that are adverse to the pleader's present position. *See, e.g., Moore v. Drennan*, 269 Or 189, 191-92, 523 P2d 1250 (1974).

[3] The dissent, like defendant, baldly asserts that the settlement evidence was independently relevant in the light of admission of the prior pleadings, but declines to mention the issue to which the evidence was relevant. 127 Or App at 229. Moreover, as the dissent illustrates, if admission of the prior pleadings were held to provide the requisite "independent relevance," that exception would swallow the rule excluding evidence of a settlement.

Defendant also argues that it is significant that, in *Holger*, the trial court announced the settlement to the jury, while in this case the information was elicited by testimony during the trial, and in *Holger*, the evidence was introduced at the beginning of the trial, while in this case it was not admitted until well into the trial.

■　　　Whether a fact is announced or proved by testimony has no bearing on its relevance. Similarly, the point at which the evidence was introduced at trial does not, by itself, affect its relevance.[4] Neither the fact that the evidence was elicited rather than announced, nor that it was introduced well into the trial, rather than at the outset, is sufficient to distinguish this case from *Holger*. The evidence of plaintiff's settlement with the hospital should have been excluded under OEC 408, and the trial court erred by admitting it.

■　　　Finally, defendant contends that the error in admitting the settlement evidence was not prejudicial. *See* OEC 103(1). The natural tendency of settlement evidence " '[is] to plant in the jury's mind the idea that they should allow no damages,' because plaintiff already was compensated for [his] loss." *Holger v. Irish, supra*, 316 Or at 415. (Citation omitted.) It is noteworthy that defense counsel's parting comment to the jury in closing argument was, "I'd remind you that the hospital settled." Both the content and the timing of that comment are indicative of the prominence and importance that defendant attributed to the evidence. The trial court's error in admitting evidence of the settlement requires reversal.

Although plaintiff makes other assignments of error regarding issues that may arise on remand, the record on appeal is inadequate to permit review of them.

Reversed and remanded.

**De MUNIZ, J.,** dissenting.

The majority states that plaintiff's assignment of error is "the court's ruling admitting evidence of the settlement * * *," 127 Or App at 224, and holds that this case is indistinguishable from *Holger v. Irish*, 316 Or 402, 851 P2d

---

[4] The timing of evidence may bear on its relevance if an intervening event brings a new issue into the case.

1122 (1993). On the basis of *Holger*, it concludes that admission of the settlement testimony was error and that the error was not harmless. I dissent.

Plaintiff's assignment is broader than the majority states. He alleges that the court erred in

"allowing defendant to read into the record the allegations of negligence (plus the fact of settlement) made in prior pleadings by plaintiff concerning the negligence of the [hospital], a former defendant."[1]

Plaintiff's assignment puts into issue the admission of the pleadings, as well as settlement, and defendant has responded to that assignment. Defendant claims that the pleadings provide the independent relevance to support the settlement evidence under OEC 408 and *Holger*. The majority acknowledges that *Holger* does not preclude settlement evidence that has independent relevance, but dismisses, without discussion, why the admission of the pleadings here does not provide that relevance.

I conclude that the record shows that defendant is correct. In *Holger*, the trial court gratuitously told the jury about the settlement with the hospital before the parties had presented evidence. That is not the situation here.

Plaintiff originally named as defendants both the hospital and defendant. After plaintiff settled with the hospital, he filed a second amended complaint deleting the hospital from the title of the case. Before trial, he filed a motion *in limine* seeking to prohibit any reference at trial to the settlement. The court granted the motion but indicated that it might revisit the decision. Defense counsel then stated that he intended to mention plaintiff's prior allegations against the hospital in his opening statement. The court ruled that neither the pleadings nor the filing of such pleadings would be

---

[1] He combines with that assignment a second one alleging that the court erred in

"denying the plaintiff's motion for a mistrial based upon the reading of the portion of plaintiff's prior pleadings that alleged the concurrent negligence of the [hospital]."

However, he makes no separate argument regarding the motion for a mistrial, and it was not timely.

admissible. It also ruled that plaintiff's statements that the hospital had been at fault would be admissible.

No mention of the pleadings was made during opening argument. As part of plaintiff's case, he called Dr. Kates to testify on the standard of care in the medical community. During cross-examination, defendant asked Kates whether he had reviewed the deposition of the nurse who attended the birth. Kates replied:

> "I was told by [plaintiff's counsel], it wasn't really necessary; that the nurse and the hospital were no longer involved in the case."

Plaintiff made no objection to that testimony.

Pounds, who is plaintiff's father and guardian *ad litem*, testified on behalf of plaintiff. During cross-examination, Pounds acknowledged that he had been critical of the hospital and its staff following his son's birth, but had expressed no criticism of defendant. Plaintiff did not object.

Out of hearing of the jury, defendant then asked the court for permission to ask Pounds whether he had filed a lawsuit containing allegations against the hospital. Plaintiff's counsel conceded that the pleadings were relevant but argued that they were prejudicial. The trial court concluded that the pleadings were relevant to issues of fault and causation and reversed its earlier decision. It ruled that defendant could question Pounds regarding the two paragraphs in the prior pleading that set forth allegations of negligence against the hospital. The court then held that, once the evidence of the prior pleadings was admitted, it would be best for all parties if the jury was advised of the settlement and given instructions on how to view it. Defendant then read the questions set out in the majority opinion, to which plaintiff assigns error. 127 Or App at 223-24.

Before closing argument, the trial court granted plaintiff's motion "to prevent the Defendant from arguing such things as, they've already been paid, they had somebody else to collect from, all that." The court ruled:

> "In fact * * * I will indicate that there should be no further discussion concerning the settlement, other than the fact * * * that the hospital has been a Defendant; there's certain

allegations made, and that has been settled. And * * * anything beyond that would be improper."

The court instructed the jury with regard to the settlement based on Uniform Jury Instruction 11.70, as was the instruction in *Holger*. Plaintiff did not assign the instruction as error.

I would hold that the court did not err in allowing evidence of the pleadings. A superseded pleading can be used as evidentiary admissions, subject to explanation. *Yates v. Large*, 284 Or 217, 223, 585 P2d 697 (1978). Kates alluded to the lawsuit against the hospital, and Pounds acknowledged his criticism of the hospital. Plaintiff did not object to those questions. The pleadings became relevant as admissions tending to show that, at one time, plaintiff had claimed that the hospital was also negligent and responsible for his injuries. That position was inconsistent with his position at trial that defendant alone had caused the injuries.

The introduction of those pleadings provided the "independent relevance" of plaintiff's settlement with the hospital. The trial court was correct that, once the jury knew that the hospital had been a defendant, it was entitled to know why the hospital was not in the case. Under *Holger*, I would find no error in admitting the evidence that the hospital had settled the case.

However, even if it were error, I would hold that it was harmless. The majority finds that defense counsel's statements in closing argument "are indicative of the prominence and importance that defendant attributed to the evidence." 127 Or App at 226. However, the trial court had ruled that the fact of settlement could be mentioned, and plaintiff does not argue that that ruling was error. The only evidence of settlement left is the "Yes" by Pounds in response to the question whether he had settled with the hospital. I cannot conclude that that single statement is sufficient to prove that a substantial right of plaintiff was affected. OEC 103(1).

I would affirm the trial court.[2]

---

[2] Plaintiff makes other assignments of error on issues that I conclude are likely to arise on remand. However, I do not address them, as the majority has not.