Jaqualla FOXWORTH,
a minor, by her Co-Guardians Ad Litem,
Brian Foxworth and Janice Woods,
*Appellants,*

*v.*

EMANUEL HOSPITAL & HEALTH CENTER,
*Defendant,*

*and*

Robert K. HUSTON, M.D.,
and Northwest Newborn Specialists, P.C.,
a professional corporation,
*Respondents.*

(9109-05871; CA A78884)

883 P2d 917

Timothy J. Vanagas argued the cause for appellants. With him on the briefs were Michael S. Evans, Michael C. Zusman and Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C.

Janet M. Schroer argued the cause for respondents. With her on the brief were Mary K. VanderWeele and Hoffman, Hart & Wagner.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Plaintiff appeals from a judgment for physician defendants in a medical malpractice action, assigning error to the admission of evidence of a prior settlement between plaintiff and defendant hospital. We reverse.

In *Holger v. Irish*, 316 Or 402, 414, 851 P2d 1122 (1993), the Supreme Court held that usually "it is not proper to inform the jury concerning a plaintiff's remedies or potential remedies against persons who are not parties in the dispute that the jury is to decide, unless that information has independent relevance." *See also Pounds v. Holy Rosary Medical Center*, 127 Or App 221, 872 P2d 437, *rev den* 320 Or 109 (1994).

Defendants contend that *Holger* and *Pounds* are not dispositive, because neither of those cases "addressed whether settlement information is prejudicial to a jury's consideration of *liability*." (Emphasis supplied.) They argue that, although settlement information could be prejudicial on the issue of *damages*, the jury did not reach the damages issue in this case and the settlement information therefore was harmless. We disagree. In *Holger* and *Pounds*, as in this case, evidence of settlement was admitted at trial, the juries returned verdicts finding defendants not liable, and the juries never reached the issue of damages. The settlement information in both cases was held to be prejudicial and to lack independent relevance.

*Holger* and *Pounds* stand for the proposition that settlement information is not admissible unless it has independent relevance to the issue of damages or liability. Defendants do not argue that any of the multiple references to settlement in this case had independent relevance to the issue of liability.[1]

Reversed and remanded.

---

[1] The trial court referred to the settlement during jury selection, before the taking of evidence, and again while instructing the jury on the law. Defense counsel referred to the settlement twice during opening argument, and ended his closing argument by saying:

"In fact, I'm going to remind you that from the evidence that you have heard, [plaintiff's counsel] had all of these large numbers in mind when he settled with [the hospital]. And I'm sure he didn't forget that. Thank you."