Argued and submitted November 30, 2006, affirmed July 5, 2007

Emily KERRY,
*Plaintiff-Appellant,*

*v.*

Enrique Nonoal QUICEHUATL
and Philip Hulse,
*Defendants,*

*and*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
an Illinois corporation,
*Defendant-Respondent.*

enrique Nonoal QUICEHUATL,
*Third-Party Plaintiff,*

*v.*

Philip HULSE,
*Third-Party Defendant.*

Washington County Circuit Court
C041955CV; A128705

162 P3d 1033

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Chelsea L. Grimmius argued the cause for respondent. With her on the brief were R. Daniel Lindahl and Bullivant Houser Bailey PC.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

EDMONDS, P. J.

---

* Sercombe, J., *vice* Linder, J.

## EDMONDS, P. J.

Plaintiff appeals after the trial court granted summary judgment in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm) on plaintiff's claims for underinsured motorist (UIM) benefits and personal injury protection (PIP) benefits. ORCP 47. We affirm.

Plaintiff was injured in a multi-car accident in March 2003. Plaintiff's vehicle was struck from behind by a pickup truck driven by defendant Enrique Quicehuatl; a pickup truck driven by defendant Philip Hulse then rearended Quicehuatl's truck, causing Quicehuatl's truck to strike plaintiff's vehicle a second time.[1] Quicehuatl had an automobile liability policy with limits of $50,000 per person, and Hulse had a policy with limits of $100,000 per person. Plaintiff, in turn, had an automobile liability policy with State Farm that included UIM coverage with limits of $100,000 per person and PIP coverage with limits consistent with ORS 742.520 to 742.544.

Plaintiff submitted a single application for PIP benefits for her injuries, and State Farm paid PIP benefits to her pursuant to the policy. Plaintiff then commenced this action, initially seeking economic and noneconomic damages from Quicehuatl and UIM and PIP benefits from State Farm. Plaintiff subsequently filed an amended complaint adding Hulse as a defendant and seeking economic and noneconomic damages arising out of the second impact. Plaintiff did not distinguish in her complaint between injuries that occurred as a result of the first impact (from the collision caused by Quicehuatl) and injuries that occurred as a result of the second impact (from the collision caused by Hulse). Her amended complaint also included a claim against State Farm for unreimbursed PIP benefits, a claim she contends is for "a second layer of PIP benefits" as a result of injuries sustained from Hulse's negligence.

---

[1] There is a factual dispute in this case as to whether the accident involved a single impact or multiple impacts. Because we review the facts in the light most favorable to plaintiff, the nonmoving party on summary judgment, *West v. Allied Signal, Inc.*, 200 Or App 182, 187, 113 P3d 983 (2005), we assume that plaintiff was injured as a result of multiple impacts.

After filing her amended complaint, plaintiff settled her claim against Quicehuatl for the limits of his policy ($50,000) and proceeded against Hulse and State Farm. State Farm moved for summary judgment, arguing, among other things, that it should be entitled to an offset for any amounts paid to plaintiff by Hulse, *see* ORS 742.504(7)(c)(A), and that plaintiff had exhausted her entitlement to PIP benefits under the policy. The trial court granted State Farm's motion regarding PIP benefits and agreed that State Farm was entitled to an offset for any amounts that Hulse would ultimately pay to plaintiff as a result of the accident. The court then abated plaintiff's claim for UIM benefits pending a determination of Hulse's liability.

Plaintiff proceeded to trial against Hulse. Plaintiff argued to the trial court that her injuries from the two impacts were indivisible and that the only question, for purposes of Hulse's liability, was whether his negligence caused a collision with plaintiff's vehicle. Plaintiff relied on a common-law rule that, where the tortious conduct of more than one person is a legal cause of harm that cannot be apportioned, each tortfeasor is subject to liability for the entire harm. *See Restatement (Second) of Torts* § 879 (1979). The trial court agreed with plaintiff and instructed the jury accordingly. The jury determined that Hulse's negligence caused a collision with plaintiff's vehicle, and plaintiff then settled with Hulse for $100,000, his policy limits. Based on its earlier ruling that State Farm would be entitled to an offset for Hulse's recovery, the trial court then entered judgment providing State Farm with an offset of $100,000.

On appeal, plaintiff assigns error to the trial court's summary judgment rulings that State Farm was entitled to an offset for amounts paid by Hulse to plaintiff and that plaintiff was not entitled to further PIP benefits. Plaintiff also argues that the trial court erred in concluding that she was not entitled to recover attorney fees under ORS 742.061. For the reasons that follow, we affirm.

In her first assignment of error, plaintiff argues that the trial court erred in concluding that, under ORS 742.504(7)(c), State Farm was entitled to an offset for payments made by Hulse. ORS 742.504(7)(c) provides, in part:

"Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is insured under this coverage shall be reduced by:

"(A) All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and *by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury* including all sums paid under the bodily injury liability coverage of the policy * * *."[2]

(Emphasis added.) Plaintiff advances two arguments as to why the trial court erred in concluding that State Farm was entitled to an offset. First, plaintiff argues that, as a matter of law, Hulse could not have been "jointly or severally liable together with" Quicehuatl. According to plaintiff, "joint" liability was eliminated by the legislature in 1995 as part of tort reform. After 1995, each tortfeasor is severally liable only. *See* ORS 31.610 ("[T]he liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint."). Thus, plaintiff contends, Hulse and Quicehuatl could not have been "jointly" liable.

Plaintiff, however, has a second hurdle to overcome in the statutory language. ORS 742.504(7)(c) does not provide an offset for amounts paid by parties who are jointly *and* severally liable; rather, it provides an offset for sums paid by or on behalf of any person "jointly *or* severally liable together with" the operator of the underinsured vehicle. (Emphasis added.) Because the statute is phrased in the disjunctive, the question is whether Hulse was "severally liable together with" Quicehuatl for plaintiff's injuries. If he was, then plaintiff is subject to the offset imposed by the trial court.

The meaning of the phrase "severally liable together with" presents a question of statutory construction, which we resolve by examining the text of the statute, in context, and, if necessary, by resorting to legislative history and maxims of construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The term "severally liable" is a legal term of art and has a well-established meaning. *See Tharp v. PSRB*, 338 Or 413, 423, 110 P3d 103 (2005) (terms

---

[2] Although ORS 742.504(7)(c) refers to uninsured vehicles, it also applies to underinsured vehicles. ORS 742.502(4).

of art are given their acquired, specialized meaning). "Several liability" refers to

> "[l]iability that is separate and distinct from another's liability, so that the plaintiff may bring a separate action against one defendant without joining the other liable parties."

*Black's Law Dictionary* 933 (8th ed 2004). The words "together with," by contrast, are words of common usage, and we give them their ordinary meaning. "Together with" means "along with : in addition to : as well as ‹the big island, *together with* its smaller neighbors› ‹these sums *together with* the previous balance› ‹arrested, *together with* a companion›." *Webster's Third New Int'l Dictionary* 2404 (unabridged ed 2002) (italics in original). Based on the meaning of the above terms, we conclude that a person is "severally liable together with" the underinsured motorist if the person is independently liable to the insured for the same injuries caused by the underinsured motorist.

■ Plaintiff, however, contends that there is an inconsistency if the statute is construed in that manner. According to plaintiff, "[a] tortfeasor can never be 'severally liable together with' another tortfeasor. If both parties are severally liable to the same individual, their liability is independent of one another." (Underscoring in original.) Thus, according to plaintiff, the legislature must have intended "severally liable together with" to refer only to vicarious liability. We are not persuaded. The legislature plainly intended to provide an offset for payments made by other parties liable for the same injuries, regardless of whether the nature of that liability is joint or independent, based on its use of the disjunctive word "or." Moreover, if the legislature intended to limit the words "severally liable together with" to refer only to vicarious liability, it could easily have said so.

■ That brings us to plaintiff's remaining argument—that the record does not demonstrate that Hulse and Quicehuatl are liable for the same injuries. More specifically, plaintiff argues that State Farm failed to offer affidavits from which the trial court could have concluded that Hulse and Quicehuatl were "jointly or severally liable" for plaintiff's injuries. State Farm responds that it was plaintiff's burden to

produce evidence as to that fact under ORCP 47 C. However, regardless of whose burden it was, the evidence in the record adequately supports the trial court's grant of summary judgment. The allegations in plaintiff's complaint are, for purposes of State Farm's motion, judicial admissions that the negligence of Quicehuatl and the negligence of Hulse combined to produce plaintiff's injuries. In her claim against Quicehuatl, plaintiff alleges:

> "That as the result of the accident herein alleged, Plaintiff was thrown about during the collision and was injured, thereby causing her to sustain a herniated L5-S1 intervertebral disc with right sided encroachment (a permanent injury that will require surgery), a herniated intervertebral disc at C6-7 which required surgery, disc bulges at C3-4 and C4-5, a tearing and overstretching of the muscles, ligaments and supportive structures of the cervical, thoracic and lumbar spine, a fracture of T11, posttraumatic headaches, radicular symptoms, and bruises and contusions, and all of the aforesaid injuries have caused Plaintiff to sustain pain and suffering, and the injuries are permanent and Plaintiff will sustain pain and suffering in the future, all to her non-economic damage in a sum exceeding $100,000.00."

Plaintiff further alleges that, as a result of the accident, she

> "was required to incur accident-related medical expenses in the sum of $43,260.81, and increasing (with additional surgery pending), of which the first $10,000.00 is compensable under Defendant's personal injury protection coverage, and the balance is compensable as a portion of the underinsured motorist benefits due under the aforesaid insurance policy, and Plaintiff will sustain additional medical expenses in the future for medical treatment necessitated by the accident."

In her claim against Hulse, plaintiff alleges the same injuries that she alleges were sustained as a result of the negligence by Quicehuatl. "A statement of fact in a pleading that has not been superseded is a judicial admission that the fact as stated exists." *Cascade Corp. v. American Home Assurance Co.*, 206 Or App 1, 18, 135 P3d 450 (2006), *rev allowed*, 341 Or 579 (citing *McGanty v. Staudenraus*, 321 Or 532, 538-39, 901 P2d 841 (1995), and *Yates v. Large*, 284 Or

217, 223, 585 P2d 697 (1978)). At no point did plaintiff ever amend her pleading in that regard or offer evidence that the injuries suffered as a result of the two separate impacts were in fact separate or divisible. Based on the uncontradicted admissions in plaintiff's complaint regarding the nature of her injuries—admissions that were never superseded or contradicted by other evidence—the trial court correctly concluded that there was no genuine issue of material fact as to whether Hulse was "severally liable together with Quicehuatl for the injuries suffered by plaintiff for purposes of ORS 742.504.[3]

■ In her second assignment of error, plaintiff argues that the trial court erred in dismissing her claim for additional PIP benefits arising out of the second impact by Hulse. She contends that, under ORS 742.524, State Farm is required to pay PIP benefits when a party sustains "injury" from the use, occupancy, or maintenance of a motor vehicle. She argues that, "because the conduct of each of the two tortfeasors is separable and each caused injury, Plaintiff is entitled to benefits from State Farm for each of the two injuries she suffered, whether or not the harm caused by the consecutive torts is divisible."

ORS 742.520(1) provides that every motor vehicle policy issued in Oregon that covers private passenger motor vehicles must include personal injury protection benefits. Those benefits "apply to a person's injury or death" resulting from the use, occupancy, or maintenance of a motor vehicle. ORS 742.520(2)(a). Plaintiff's policy with State Farm is consistent with that statute and provides, "We will pay in accordance with the *Personal Injury Protection Act* for *bodily injury* to an *insured* caused by accident resulting from the occupancy, maintenance or use of a *motor vehicle*." (Italics in original.) As discussed above, the factual allegations in plaintiff's complaint establish that, as a result of the conduct of Quicehuatl and Hulse, she suffered a single set of indivisible

---

[3] State Farm also argues that plaintiff should be estopped from arguing on appeal that her injuries were *divisible*, because she took the position in the trial court, for purposes of her claim against Hulse, that the injuries were *indivisible*. Because we conclude that the evidence in the record permits only one reasonable inference regarding the joint and several liability of Hulse and Quicehuatl, we need not address State Farm's argument regarding judicial estoppel.

injuries. Nothing in the language of the statute or her policy entitles her to recover more than once for the same bodily injury, regardless of the number of other drivers involved in producing that bodily injury. Moreover, plaintiff has not produced any evidence demonstrating that separate injuries occurred for which she has not already been compensated by State Farm's payment of PIP benefits. Because there is no genuine issue of material fact as to whether State Farm paid her for the "bodily injury" that she suffered as a result of her use of a motor vehicle, the trial court did not err in dismissing plaintiff's claim for additional PIP benefits.

In her final assignment of error, plaintiff argues that, "[s]hould she prevail on her UIM and PIP claims, [she] is entitled to ORS 742.061 attorney fees." Because we have rejected her arguments with regard to the UIM and PIP claims, we reject her third assignment of error without further discussion.

Affirmed.